DETERMINED IN THE

# SUPREME COURT

OF THE

# STATE OF COLORADO.

---

## SEPTEMBER TERM, 1892.

FORT MORGAN LAND & CANAL CO., APPELLANT, v. SOUTH PLATTE DITCH CO. ET AL., APPELLEES.

1. IRRIGATION—NATURAL STREAMS.

The water of every natural stream in this state is the property of the public.

2. PRIORITY TO THE USE OF WATER FOR IRRIGATION—HOW ACQUIRED.

By a diversion and use for irrigation a priority of right to the use of the waters of the natural streams may be acquired. This priority is a property right, and as such is subject to sale and transfer.

3. DIVERSION AND USE OF WATER.

There must be not only a diversion of the water from the natural stream, but an actual application of it to the soil to constitute the appropriation for irrigation, recognized by the constitution. A diversion unaccompanied by an application gives no right.

4. ACTUAL DIVERSION AND PROPOSED USE.

The awarding of priorities to ditches, in excess of the amount of water actually appropriated at the time, is error. A diversion and promise to use in the future will not support such a decree.

*Appeal from the District Court of Weld County.*

Mr. C. E. GAST and Mr. E. A. REYNOLDS, for appellant.

Mr. H. N. HAYNES, for The Platte & Beaver Improvement Co. and The Iliff & Platte Valley Ditch Co., appellees.

Mr. J. W. McCREERY, for The Illinois Ditch Co., The Weldon Valley Irrigation Co. and The New England Live Stock Co., appellees.

Mr. JOHN P. BROCKWAY, for the Pawnee Ditch & Improvement Co., appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This is a statutory proceeding instituted for the purpose of procuring an adjudication of priorities of right to the use of water for irrigation, in Water District No. 1 in Weld county. The petition was filed in the month of November, 1886, by The Platte & Beaver Improvement Company.

Upon this petition at the regular November term, 1886, of the district court of Weld county, an order was made appointing one C. A. Bennett referee. By this order the referee was directed to hear and determine such priorities in accordance with the statute regulating the procedure in such cases. Gen. Laws, 1883, chap. 57.

The referee having duly qualified soon thereafter proceeded to take testimony; and this being completed, he filed his report at the regular May, 1887, term of the court. To this report the appellant, The Fort Morgan Land & Canal Co., filed exceptions. These exceptions were, after argument of counsel, overruled by the court, and judgment was entered in accordance with the report. Twenty-four priorities of appropriation were thus established for the twenty ditches represented at the hearing. Appellant's priority appears as No. 18, and upon this appeal all those adjudged to have senior priorities are joined as appellees.

Under our constitution, the water of every natural stream in this state is deemed to be the property of the public. Private ownership of water in the natural streams is not rec-

ognized. The right to divert water therefrom and apply the same to beneficial uses is, however, expressly guaranteed. By such diversion and use a priority of right to the use of the water may be acquired. This priority has been declared a property right, and as such subject to sale and transfer. *Strickler v. Colorado Springs*, 16 Colo. 61.

From the first, this court has recognized and emphasized the idea that a priority could only be legally acquired by the application of the water to some beneficial use. Hence, there must be not only a diversion of the water from the natural stream, but an actual application of it to the soil, to constitute the constitutional appropriation recognized for irrigation. *Farmers' Canal & R. Co. v. Southworth*, 13 Colo. 111, and cases cited.

This may now be considered as one of the fundamental principles underlying our system of irrigation. It is too well established to be open to controversy. A diversion unaccompanied by an application gives no right. This principle applied to the record in this case is fatal to the decree rendered by the district court.

The capacity of the several ditches enumerated in the decree to convey water seems to have been the criterion by which the court was governed, for although evidence was taken tending to show the amount of water actually used in irrigation, such evidence seems to have had but slight effect upon the final decree. It is apparent that the capacity of the various ditches outweighed all other considerations. Such capacity having once been established, together with proof of diversion and the use of a limited portion of water, with a promise to increase such use up to the limit of the ditch within a reasonable time, was sufficient to procure for the ditch a priority for an amount of water equal to such capacity. Such priority dating from the inception of the work of construction upon the ditch.

The decree is not saved by the proviso restricting the ditch owners from diverting water into their ditches at times when the same is not needed for a beneficial purpose, to the detri-

ment of other later appropriators. This would be the result in the absence of anything in the decree to the contrary. The court erred in awarding priorities to the several ditches in excess of the amount of water actually appropriated at the time the decree was rendered.

For instance : It appears from the testimony in the case that the Platte & Beaver Improvement Company was the owner of more than thirty thousand acres of land adjacent to their ditch. And finding it impracticable to obtain either tenants or purchasers for this land they were about to consummate an arrangement at the time this decree was rendered in the spring of 1887, whereby the same could be divided among its stockholders with the object in view of accomplishing a more rapid development of the lands and a more extended application of water to the soil. Counsel say : " It cannot be that under the peculiar circumstances attending this case the court will say that the stockholders of the Platte & Beaver Improvement Company who have, including interest, spent nearly $200,000 in the construction of their ditches, have failed to acquire thereby water rights for their lands. Under the circumstances of this case, they are entitled to additional time."

In support of this position our attention is directed to the following paragraph from the opinion of this court in *Larimer Co. R. Co. v. The People*, 8 Colo. 614.

" The Supreme Court of California—*McDonald v. Bear River Co.*, 13 Cal. 220—defines the word ' appropriation ' in this connection as follows : ' This appropriation is the intent to take, accompanied by some open, physical demonstration of the intent and for some valuable use.' We consider these definitions applicable to appropriations of water in this state; that is to say, we are of opinion that when the individual, by some open, physical demonstration, indicates an intent to take, for a valuable or beneficial use, and through such demonstration ultimately succeeds in applying the water to the use designed, there is such an appropriation as is contemplated by our constitution and statutes. While a diver-

sion must of necessity take place before the water is actually applied to the irrigation of the soil, the appropriation thereof is, in legal contemplation, made when the act evidencing the intent is performed.  Of course, such initial act must be followed up with reasonable diligence, and the purpose must be consummated without unnecessary delay."

This language was used in a case where the question under consideration related to the right to utilize the bed of a non-navigable stream for the storage of water that would otherwise have run to waste.  This being a preliminary step to the utilization of the water for irrigation.  The claim there advanced was that such act was unlawful *per se* without reference to the question as to whether or not the rights of others were injuriously affected thereby.  Moreover, the language does not warrant the construction placed upon it by counsel.  It expressly states that an appropriation is only consummated in case the water is finally applied to the use designated.  No warrant is given for the entry of a decree in advance awarding a priority upon a diversion and promised use, as has been done in this case.  To uphold such a decree would necessitate the abandonment of a cardinal prinple that has been announced in many carefully considered cases.  This principle in the paragraph next preceding the one quoted from the opinion in 8 Colo., is stated in this terse language: " The true test of the appropriation of water is the successful application thereof to the beneficial use designed." * * * The construction contended for by counsel is so radically and palpably wrong that we deem further argument or additional citation of authorities unnecessary to its overthrow.

The decree will be reversed and the cause remanded with directions to the district court to allow the parties an opportunity to present further evidence, without prejudice to the evidence already taken.

*Reversed.*