STERLING IRRIGATION COMPANY, PLAINTIFF, v. DOWNER, DEFENDANT.

1. ADJUDICATION OF PRIORITIES.

The statutory proceeding to adjudicate priorities of right to the use of water is not an ordinary civil action or proceeding; it is a proceeding *sui generis*, to which the rules governing ordinary civil actions are not always applicable.

2. LIMITS OF STATUTORY PROCEEDING.

An adjudication of priorities within the meaning of the irrigation acts, is the judicial determination of the claims of different parties to the use of water for irrigation within the same irrigation district. Conflicting claims to priorities beyond the limits of the district cannot be determined in the statutory proceeding.

3. DIVISION OF IRRIGATION DISTRICT.

The division of an irrigation district by a legislative act without a saving clause, before the final adjudication of priorities therein, affects the subject-matter of a pending proceeding to adjudicate priorities, and the district court of the proper county in the new irrigation district becomes vested with jurisdiction to determine the priorities in such new district.

*Original Application for Writ of Mandamus.*

WHEN the writ of *mandamus* was applied for in this case there was pending in the district court of Weld county a certain proceeding to adjudicate the priorities of right to the use of water in Irrigation District No. 1. In that proceeding, petitioner being a party, made application to respondent, as judge of that court, for an order directing the referee to proceed and take such additional testimony as might be offered by petitioner relating to such priorities; respondent refused to make such order; and thereupon petitioner applied to this court for a writ of *mandamus* to compel respondent to make such order upon the referee.

In 1879 an act was passed, " To Regulate the Use of Water for Irrigation, and providing for settling the Priority of Right thereto." Among other things the act contained the following:

"Sec. 19. For the purpose of hearing, adjudicating and settling all questions concerning the priority of appropriation of water between ditch companies and other owners of ditches drawing water for irrigation purposes from the same stream or its tributaries *within the same water district*, and all other questions of law and questions of right growing out of or in any way involved or connected therewith, jurisdiction is hereby vested exclusively in the district court of the proper county; but when any water district shall extend into two or more counties, the district court of the county in which the first regular term after the first day of December in each year shall soonest occur, according to the law then in force, shall be the proper court in which the proceedings for said purpose, as hereinafter provided for, shall be commenced; but where said proceedings shall be once commenced, by the entry of an order appointing a referee in the manner and for the purpose hereinafter in this act provided, such court shall thereafter retain exclusive jurisdiction of the whole subject until final adjudication thereof is had, notwithstanding any law to the contrary now in force." Session Laws 1879, p. 99.

In 1881, Session Laws, p. 142, an act was passed, " To make further provision for Settling the Priority of Rights to the Use of Water for Irrigation in the District and Supreme Courts, and for making Record of such Priorities." But the act of 1881 made no change as to the court to exercise jurisdiction in such proceedings.

Mr. CHARLES L. ALLEN and Mr. E. E. ARMOUR, for petitioner.

Mr. H. N. HAYNES, Mr. J. W. McCREERY and Mr. C. D. TODD, for respondent.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The application for a writ of *mandamus* in this proceeding requires the consideration of the irrigation acts of 1879 and

1881, providing for the adjudication of priorities of right to the use of water for irrigation, and other legislative acts connected therewith.   See Session Laws 1879, p. 94; also Session Laws 1881, p. 142.

By virtue of the act of 1879, jurisdiction attached to the district court of Weld county to hear and determine priorities of right to the use of water for irrigation in Irrigation District No. 1, as originally constituted; and this jurisdiction was not interfered with by the act of 1881.

In the fall of 1886, application having been duly made, the district court of Weld county took cognizance of a proceeding to determine such priorities, and a referee was appointed to take the evidence.   Afterwards a decree was rendered; and from such decree an appeal was taken to the supreme court; the decree was reversed, and the cause remanded for further proceedings.   See *Fort Morgan Land and Canal Co. v. South Platte Ditch Co.*, 18 Colo. 1.

Irrigation District No. 1 as originally constituted, was as follows: " District No. One shall consist of all lands irrigated from ditches from the South Platte river, between its intersection with the state line of Colorado and Nebraska, and the mouth of the Cache-la-Poudre."   Session Laws 1879, p. 97, § 6.

While the appeal in the *Fort Morgan Case* was pending in the supreme court, an act was passed dividing Irrigation District No. 1, and constituting a new district as follows: " That Water District No. 64 shall consist of all lands irrigated by water taken from that portion of the South Platte river between the western boundary line of Washington county and the state line of Colorado and Nebraska, and from the streams draining into the said portion of the South Platte river."   Session Laws 1889, p. 213, § 14.

Irrigation District No. 64 extends through several new counties created out of territory formerly belonging to Weld county, and these new counties, by the act of 1891, now belong to another judicial district.

1. The record of proceedings in the *Fort Morgan Case*

being remanded to the district court of Weld county, that court refused to proceed with an adjudication of priorities except as between the ditches remaining in Irrigation District No. 1, on the ground that the act of 1889 had terminated its jurisdiction to adjudicate priorities in District No. 64, the court holding that the district court of the proper county in the new irrigation district had become vested with the jurisdiction to determine the priorities in such new district.

Counsel for petitioner contend that the creation of a new irrigation district by the law of 1889 did not affect the jurisdiction of the Weld county district court over those parties who were before it at the time the law was enacted, even though their ditches were within the new district; they submit the following as the proper test: " The question involved is necessarily this, whether the Weld county district court has jurisdiction over the subject-matter."

In an ordinary civil action or proceeding where the jurisdiction of a superior court of record has attached, it will not be divested by the mere passage of a legislative act changing district or county boundaries. But the statutory proceeding to adjudicate priorities of right to the use of water, under the irrigation acts of 1879 and 1881, is not an ordinary civil action or proceeding; it is a proceeding *sui generis*, to which the rules governing ordinary civil actions are not always applicable.

2. The objects and purposes of the irrigation acts must be kept steadily in view in determining controversies arising thereunder. Of these acts it has been said: " They are in the nature of police regulations to secure the orderly distribution of water for irrigation purposes, and to this end they provide a system of procedure for determining the priority of rights as between the carriers." And again, " The authority of the General Assembly to enact laws regulating the distribution of water to actual appropriators provided they do not substantially affect constitutional or vested rights, is undoubted." *Nichols v. McIntosh, ante, 22.*

The irrigation acts, above referred to, provide for separate

irrigation districts, the territories of each district being more or less compact; they provide for determining priority of appropriation of water for irrigation purposes between ditch companies *within the same water district by a judicial decree to be rendered by the district court of the proper county ;* they provide for a commissioner for each irrigation district who is to supervise the distribution of water between the several ditches in pursuance of such decree, the commissioner being authorized to summarily execute and enforce the same. The irrigation acts provide for a separate adjudication of priorities for each irrigation district, but not for the settling of priorities beyond the limits of the district. Act of 1879, §§ 16–19; act of 1881, §§ 4, 9.

Priority is a relative or comparative term. An adjudication of priorities within the meaning of the irrigation acts, is the judicial determination of the claims of different parties to the use of water for irrigation within the same irrigation district; the decree of the court is required to specify, among other things, the amount of each party's appropriation and the order in which he is entitled to enjoy the same; to do this, the claims of the several parties must be considered in the same proceeding ; and without this, there can be no determination of their relative or comparative rights, and, hence, no adjudication of their priorities.

3. The water commissioner must have a decree in which the relative rights of the different ditches are clearly set forth in their order, else he has no certain guide to control his action. It is difficult to conceive what force, if any, a decree of priority in favor of an irrigating ditch would have, unless rendered by the proper court in an appropriate proceeding and in the proper irrigation district; unless so rendered and entered, it would be foreign to the subject-matter of the proceeding. In a certain sense, then, the division of an irrigation district before the final adjudication of priorities therein, does affect the subject-matter of a proceeding pending to adjudicate priorities, and does affect the jurisdiction of the court substantially as held by Judge Downer.

By the act of 1889, we must suppose that the legislature considered Irrigation District No. 1 too large for the conven ient adjudication and enforcement of priorities of right to the use of water for irrigation, and so divided the district. This act having been passed without any saving clause, a new proceeding becomes necessary in Irrigation District No. 64; in such new proceeding the rights of petitioner and of all parties having ditches in the new district should be ascertained and adjudicated.

The objection that petitioner is liable to have its rights interfered with by reason of the fact that its claims to priority cannot be considered, compared and adjudged in connection with the claims of those having ditches farther up the Platte river in Irrigation District No. 1, is doubtless a matter of some importance; but the same objection is liable to arise wherever the same natural stream includes different water districts, as was the case with several of the original districts. For such injuries some remedy must be sought other than the statutory adjudication of priorities, since, as we have seen, the statutory proceeding provides only for settling priorities within the same irrigation district. *Saint v. Guerrerio*, 17 Colo. 448.

The alternative writ of *mandamus* will be quashed and petitioner's application dismissed.

*Dismissed.*