[No. 4128.]

## THE LAKE FORK DITCH CO. V. HALEY ET AL.

1.  DISTRICT COURTS—RECORDS—PRESUMPTION.

Where the journal kept by the clerk of the district court shows that the court was regularly convened on the first day of a regular term thereof in the proper county district and state, all orders appearing in the book after that date will be presumed to have been entered in due course and by the proper officials of the court at that term unless the contrary appears from the record.

2.  SAME.

Where the district court at a regular term entered an order requiring parties to serve notice of an application and that the notice should be made returnable at a certain date to an adjourned term to be holden at that date and on the date mentioned in the order the records recited that the court convened pursuant to adjournment the same being a special term, the records were sufficient to show that the judge of the court adjourned the term until that date although there was no order of adjournment to that date entered of record, and the term held was an adjourned term and not a special term.

3.  WATER RIGHTS—DECREES—CONDITIONAL—COLLATERAL ATTACK.

A conditional decree entered in an adjudication of water rights is erroneous, but it is not void so as to be subject to collateral attack.

4.  WATES RIGHTS—DECREES—FAILING TO NUMBER DITCHES.

In an adjudication of water rights the failure of a decree to number the ditches as required by statute is merely an irregularity and does not make the decree void so as to be subject to collateral attack.

*Appeal from the District Court of Delta County.*

Messrs. BROWN & NOURSE for appellant.
     Vol. 28-27

Mr. MILTON R. WELCH for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court.

Ward and Kiser creeks are tributaries of Forked Tongue creek, in Delta county. The Lake Fork ditch takes water from Ward and Kiser creeks; the Forked Tongue ditch takes water from Forked Tongue creek below the mouths of Ward and Kiser creeks. The controversy arises between the appellees, owners of the Forked Tongue ditch, and The Lake Fork Ditch Company over the right to the water in these streams. In the suit brought, the plaintiffs claim that their ditch was constructed several years prior to the construction of the ditch of The Lake Fork Ditch Company, and that by right their ditch should have priority over the said Lake Fork ditch; and the court, upon the trial decreed the Forked Tongue ditch a priority of 4.6 cubic feet of water. The answer of The Lake Fork Ditch Company denies the allegations of the complaint, and further pleads that on June 17, 1889, in a certain proceeding commenced in the district court of the 7th judicial district, sitting within and for the county of Delta, for the purpose of settling the priorities of right to the water in the various streams of said county, in which proceeding the plaintiffs (appellees) were made parties, the said district court rendered its decree granting to the defendant (appellant) the right to certain water in the streams, and that said right was prior to that of the appellees. They further allege that in the month of March, 1890, the said plaintiffs filed in said district court a petition for the modification of said decree, and that on the 30th of June, 1890, the said court re-adjudicated and determined the priority of the ditches and canals taking their supply of water from Forked Tongue creek and its tributaries; and that, in said re-adjudication, the appellant's ditch (the Lake Fork ditch) was given priority number 8, and the appellees' ditch was given priority number 13; the appellant's ditch being given a

priority over the appellees' ditch, as in the original decree. They furthermore state and allege that ever since the rendering of the decree, the water of said ditches and canals has been distributed by the water commissioner of said district in accordance with the requirements of said decree; and that the said plaintiffs (appellees) have been receiving water from Forked Tongue creek, through its said ditch, in accordance with the priorities of said decree, until the commencement of this suit, to-wit, January 29, 1897.

For a reply, the plaintiffs (appellees here) alleged, in substance, that the decree of the district court and the amended decree were void, because: it was not rendered in any court; it is indefinite and uncertain; the court had not jurisdiction; it does not purport to be final; it was conditional; it is not in accordance with the allegations of defendant's answer; it was rendered at a special term of the district court which was never appointed, it awards no water.

The court rendered judgment in favor of the plaintiffs, and held the decree and amended decree to be void, and awarded to plaintiffs a priority over the defendant for 4.6 cubic feet of water.

The only assignment of error which we will consider is that concerning the ruling of the court that there had been no valid adjudication of priorities of right to the use of water in water district No. 40. It seems that the records of the district court of Delta county have been rather inaccurately kept, but there is sufficient, we think, in the record itself to show that the proceedings were had in the district court of the 7th judicial district, sitting within and for the county of Delta. In fact, the decree itself recites that it is a decree of such court in such county.

The clerk of the district court produced the journal kept in his office. On page 140 of this book the following appears: "First day of the Sixth regular Term of the District Court of Delta County, Colorado; the same being called at 10 o'clock A.

M. February 11th, 1889. Present, Hon. J. C. Bell, Judge of the Seventh Judicial District of the state of Colorado, presiding, Ben S. Gheen, Sheriff." This is a sufficient record to show the county, district, and state in which the court is held; and all orders appearing in the book after that date will be presumed to have been made, unless the contrary appears in the record, in due course, by the proper officials of the district court of the 7th judicial district of Colorado, sitting within and for the county of Delta.

On March 10, 1890, the court, having under consideration the application of the plaintiffs (appellees here) for a modification of the decree of June 17, 1889, entered an order in which the following, among other things, appears: "And the court, being fully advised in the premises, doth order that petitioners shall give personal notice in writing to all persons interested in decrees of priorities that are sought to be or will be affected by any matters asked to be considered in said petition, and that such notice shall be served at least ten days prior to the last Monday in June, 1890, and on last said day said notice shall be made returnable to an adjourned term of this court to be holden on that date in this county."

There does not appear to be an entry by the clerk on the 10th of March or on any day subsequent thereto, showing an adjournment to June 30, 1890. On June 30, 1890, the recital by the clerk is as follows: "District Court of the 7th Judicial Dist. This being a special Term. The same being the 30th day of June 1890. Court convened pursuant to adjournment at 10 o'clock A. M." And it is contended that these recitals show that a special term of court was held on June 30, 1890, without an order of the court appointing such term, and without the notice required by the statute; and that all decrees and orders made at such time were illegal and void because of the failure to appoint the special term and give the notice required by statute. From these recitals we are forced to the conclusion that the judge of

the district court, on the 10th of March, 1890, adjourned the term untill the 30th of June, 1890, and that the court sitting on the 30th of June, 1890, was an adjournment of the regular term of the district court, and not a special term.   This the court had a right to do under section 1040 of Mills' Annotated Statutes, even though there were intervening terms of court in other counties of the district.   We are therefore of opinion that the decrees rendered by the district court were decrees of the district court of Delta county, and were, as far as the entry of the decrees is concerned, valid and binding decrees of the district court, and that said district court did, on the 17th of June, 1889, by its decree, adjudicate the priorities of water rights in water district No. 40; and that, at the instance of the appellees, it did modify said decree on the 30th of June, 1890.

The appellees contend that inasmuch as the decre is a conditional one, it is void.   We cannot agree with the contention.   A conditional decree such as was rendered in this case, is an erroneous decree, and has been so held by this court in the case of *Land* and *Canal Company v. Ditch Company,* 18 Colo. 1, and in *Larimer and Weld Irrigation Company v. Wyatt,* 23 Colo. 480; but such decrees have not been held to be void and open to collateral attack.

It is contended that the court did not follow the statute in the numbering of the ditches and in awarding the priorities.   Conceding this to be true, these are irregularities, merely, in the decree; the court had jurisdiction of the subject-matter and of the person, and the decree as rendered is not prohibited by the statute and therefore is not void.

It is contended that the decrees do not dispose of the water; and the learned judge who tried this case excluded the decree as evidence, because "there are so many irregularities;" and because, as he stated, no water had been specifically dcreed.   We cannot understand the objection thus made to the decree.   As we understand the decree of 1889, it did distribute the water among

the various ditches of district No. 40, and it did fix and determine the priority of the ditches. The amended decree, or the decree of June 30th, 1890, provided: "It is ordered adjudged and decreed that the decrees heretofore entered in the said matter of the adjudication of priorities of right to the use of water in said water district and county and the ditches therein mentioned and numbered that take their supply of water from said Forked Tongue creek and the tributaries thereof, except Surface Creek, be so amended, and is hereby amended, and the ditches re-numbered, and the rights of priorities and ditches renumbered, to be as follows: The Lake Fork ditch shall be entitled to priority No. 8, The Forked Tongue ditch shall be entitled to priority No. 13 * * * and in all other matters the said decree shall stand, and the numbers heretofore in said decree given to the said ditches shall stand solely for the purpose of regulating the use and distribution of water among these ditches taking water from the same tributary but for no other purpose whatever." So that the only amendment made by the decree of 1889 was to change the priorities of ditches taking water from Forked Tongue creek.

Although we are satisfied that the appellees are estopped from questioning the validity of the decree of 1889 or of the amendment of it, by the fact that they applied for and secured the amendment; we base our opinion upon the ground that the decree of 1889 and the amendment of 1890 were not void, but erroneous merely, and are not subject to collateral attack. If the appellees were dissatisfied with the decree of the district court, they should have appealed from it or have had it reviewed upon error.

For the reasons assigned, the judgment of the district court will be reversed.

*Reversed.*