[No. 3304.]

## DOLL v. MCELLEN.

1. APPEALS—*What Matters Are Part of the Record.* Certified copies of certain former decrees and orders of the District Court, found in the transcript of the record, and appearing to have been inserted therein pursuant to an order of that court made during the trial, permitting appellant "to supply" such copies, held to be properly sent up as part of the record.

2. WATER RIGHTS—*Adjudications of Priorities—Judicial Notice of Prior Decrees.* In a statutory proceeding to adjudicate priorities to the use of water, the court takes notice of all its former adjudications, touching the waters of the same district.

3. DECREE—*Conclusive Effect.* Where the time for assailing a decree adjudicating priorities, under the statute, has passed without appeal, objection or exception taken thereto, an attack thereon by one who was party to the proceeding must, to be successful, be based upon something occurring subsequent to the last decrees, and upon issues properly joined.

A decree which assumes to subordinate a senior priority already adjudged, to a junior priority in the same district, both relating to the same water, will be reversed.

4. —— *Purposes of Adjudication.* A decree entered prior to the taking effect of the act of July 11, A. D. 1903 (Laws 1903, c. 130; Rev. Stat., §§ 3280-3283), and which assumes to award and settle priorities to the use of water for purposes other than irrigation, is beyond the jurisdiction of the court, and void.

5. —— *Decree Exceeding Prayer of Petition.* A decree which goes beyond the prayer of petition is erroneous.

6. —— *Decree—Certainty Required.* A decree which assumes to award a priority to the use of water both for irrigation and domestic purposes, and "for other beneficial uses," not specifying what is intended by the phrase quoted, nor what amount of water the party is entitled to for either or any of the various purposes specified, is bad for its uncertainty.

*Appeal from Eagle District Court.* HON. FRANK W. OWERS, JUDGE.

Mr. J. W. DOLLISON and Mr. JAMES DILTS, for appellants.

Mr. EDWARD T. TAYLOR and Mr. CHARLES W. TAYLOR, for appellee.

CUNNINGHAM, J.

This is an appeal from the decree of the district court of the county of Eagle, rendered December 8, 1903, in a statutory proceeding begun by Charles McEllen for an adjudication of a water right in Water District No. 37, and also on a subsequent order and judgment of said court dated August 14, 1905, denying the petition of appellant herein for a reargument and review of the decree entered December 8, 1903.

The petition of McEllen for adjudication of his priority appears to have been an original application, and does not comply with the requirements

of section 2421, Mills' Annotated Statutes, under which his attorney asserts the action was brought. The record discloses no effort to make the showing or to obtain the orders provided for in said section 2421. No order was obtained from the court designating what notice should be given parties against whom the petitioner claimed priority. Appellant, however, had notice of ten days, and appeared in person and by counsel.

Prior to the taking of the testimony, appellant, by his counsel, made timely objections to the proceedings, so far as they might conflict with his prior decree or right, raising the bar of the statute of limitations in behalf of the decree in favor of himself to the waters of Hardscrabble Creek, the existence of which decree counsel for appellee apparently recognized.

At the close of his testimony, appellant's counsel made formal offer of the record of the same court, dated December 17, 1889, by which appellant herein was given priority No. 89 for 1.6 cubic feet of water per second of time from Hardscrabble Creek, being dated from August 22, 1889; and an order was made by the court that a certified copy of such record might be supplied by appellant herein if he wanted it. As the statement of the court in this behalf cuts an important figure in the controversy, we quote the same, together with colloquy of counsel pertaining thereto:

"Mr. Sale: I offer the record formally.

"Objected that the testimony shows there never has been any ditch, any use of the water, or record of the appropriation.

"The court: The order will be that you supply a certified copy, if you want it, of the record.

"Mr. Sale: The court takes cognizance of its own records."

Mr. Sale represented the appellant, and the objection was presumably made by Mr. Taylor, who represented appellee. At the conclusion of the hearing on December 8, 1903, the court entered a decree which gave to appellee Priority No. 201 in the irrigation decrees of said water district, but by its terms the decree gave all of the water of said stream, not to exceed one cubic foot per second of time, to appellee as a first and prior right, and not subject to any other decree from said creek, and granted the said quantity to the petitioner for *domestic, irrigation, household, stock and other beneficial purposes,* apparently disregarding entirely the claims of appellant by virtue of his decree to which we have already referred.

Thereafter, within the time provided by law, the appellant herein moved for a reargument and review, setting out his former adjudication and the bar of the statutes of limitations, which petition being denied, he made and presented his statement for appeal, which was granted, both as to the decree, and as to the order overruling the petition. Exceptions were reserved, both as to the original decree and as to the order overruling the petition for review.

Motion was made in this court by appellee to strike from the record and from the abstract certain portions thereof, being certified copies of appellant's decree of 1889, and the statement of claim upon which it was based, and to strike also a subse-

quent order of the same court, made in the year 1900, reaffirming appellant's former decree pertaining to what is known as the Doll ditch. Appellant's counsel contends that these records and documents should not be considered by this court on the theory that they were not formally presented for identification and regularly offered and admitted in evidence on the hearing below. We hold that the certified copies to which this objection goes, were properly made a part of the record, for the reason that they were authorized to be made such by the order of the trial judge, as above set forth, that is, that counsel was permitted to "supply" these records by certified copies.

But, even if the former decrees were not introduced with the strict formality usually required, it is our opinion that under a proceeding of this sort the trial court had a right, when its attention is directed thereto, indeed must, take notice of the records of its court pertaining to water decrees entered therein. In the case of *Irrigation Co. v. Downer,* 19 Colo. 595, Chief Justice Hayt uses the following language:

"The statutory proceedings to adjudicate priorities of right to the use of water is not an ordinary, simple action or proceeding. It is a proceeding *sui generis* to which the rules governing ordinary civil actions are not always applicable." The authorities cited by counsel for appellee to the effect that the trial judge may not take notice of the records of his court except such matters as pertain to the case on trial, are not opposed to the views here expressed. Under the statutory procedure concerning priorities, all adjudications in the same water district are con-

nected.    Each subsequent hearing or adjudication
is supplementary of the original.    This is clearly
apparent from the statutory provision for numbering
and dating each subsequent decree with reference to
former decrees, as was done in this case.    The record,
including the brief of counsel for appellee, makes
it apparent that he desired to attack the decree to
the Doll ditch, had it been formally identified and
offered in evidence under the proceedings regulating
ordinary trials, on the ground of forfeiture by aban-
donment or non-user.    This he could not do, for the
reason that the time for attacking the decree to the
Doll ditch had passed without appeal, or even objec-
tions or exceptions on the part of appellee, who was
a party to both the original and the later proceed-
ing affecting said ditch, held on December 17, 1889
and June 4, 1900.    If the Doll decree can be success-
fully attacked at all, it must be upon something oc-
curring subsequent to June 4, 1900, the date of the
last decree affecting it, and on issues properly joined.

The decree rendered by the trial judge in favor
of appellee, McEllen, cannot be sustained, because it
attempts to make priority No. 201 in said water dis-
trict senior and superior to priority No. 89 in the
same water district, which last priority was dated,
as we have seen, December 17, 1889, and reaffirmed
June 4, 1900 (which said priorities concededly cover
the same water), to both of which proceedings ap-
pellee herein was a party and had acquiesced.    The
decree is fatally defective for the further reason that
it purports to award and settle priorities to the use
of water for domestic, household, stock and other
beneficial purposes, whereas, the statutes authorizing
the adjudication of water rights for other purposes

than irrigation did not take effect until July 11, 1903, some weeks subsequent to the beginning of this proceeding, and the court had no authority to try or determine such rights in this proceeding.

The decree appealed from is further defective in that it goes beyond the prayer of the petition. In the original petition appellee asked: "for an adjudication of his priority right for the use of water for irrigation and domestic purposes," while under the decree, it is attempted to give him a right to the use of water for all the purposes prayed for, and, in addition thereto, for "other beneficial purposes," without specifying what was intended to be embraced in that all-comprehensive phrase. Nor does the decree segregate the various rights which it attempts to confer upon appellee, and there is no way of determining what amount of water he would be entitled to for each of the various purposes specified therein.

For the above and foregoing reasons, the judgment of the trial court is reversed, and the case is remanded with instructions that the petition of appellant for reargument or review of the case may be granted.                    *Judgment Reversed.*

WALLING, Judge, not participating.