Cunningham, J.
This is an appeal from the decree of the district court of. the county of Eagle, rendered December 8, 1903, in a statutory proceeding begun by Charles McEllen for an adjudication of a water right in Water District No. 37, and also on a subsequent order and judgment of said court dated August 14, 1905, denying the petition of appellant herein for a reargument and review of the decree entered De- < cember 8, 1903.
The petition of McEllen for adjudication of his priority appears to have been an' original application, and does not comply with the requirements *9 of section 2421, Mills’ Annotated Statutes, under ■which his attorney asserts the action was brought. The record discloses no effort to make the showing or to obtain the orders provided for in said section 2421. No order was obtained from the court designating what notice should be given parties against whom the petitioner claimed priority. Appellant, however, had notice of ten days, and appeared in person and by counsel.
Prior to the taking of the testimony, appellant, by his counsel, made timely objections to the proceedings, so far as they might conflict with his prior decree or right, raising the bar of the statute of limitations in behalf of the decree in favor of himself to the waters of Hardscrabble Creek, the existence of which decree counsel for appellee apparently recognized.
At the close of his testimony, appellant’s counsel made formal offer of the record of the same court, dated December 17, 1889, by which appellant herein was given priority No. 89 for 1.6 cubic feet of water per second of time from Hardscrabble Creek, being dated from August 22, 1889; and an order was made by the court that a certified copy of such record might be supplied by appellant herein if he wanted it. As the statement of the court in this behalf cuts an important figure in the controversy, we quote the same, together with colloquy of counsel pertaining thereto:
‘ ‘ Mr. Sale: I offer the record formally.
“Objected that the testimony shows there never has been any ditch, any use of the water, or record of the appropriation.
*10 ‘ ‘ The court: The order will be that you supply a certified copy, if you want it, of the record.
“Mr. Sale: The court takes cognizance of its own records.”
Mr. Sale represented the appellant, and the objection was presumably made by Mr.' Taylor, who represented appellee. At the conclusion of the hearing on December 8, 1903, the court entered a decree which gave to appellee Priority No. 201 in the irrigation decrees of said water district, but by its terms the decree gave all of the water of said stream, not to exceed one cubic foot per second of time, to appellee as a first and prior right, and not subject to any other decree from said creek, and granted the said quantity to. the petitioner for domestic, irrigation, household, stock and other beneficial purposes, apparently disregarding entirely the claims of appellant by virtue of his decree to which we have already referred.
Thereafter, within the time provided by law, the appellant herein moved for a reargument and review, setting out his former adjudication and the bar of the statutes of limitations, which petition being denied, he made and presented his statement for appeal, which was granted, both as to the decree, and as to the order overruling the petition. Exceptions were reserved, both as to the original decree and as to the order overruling the petition for review.
Motion was made in this court by appellee to strike from the record and from the abstract certain portions thereof, being certified copies of appellant’s decree of 1889, and the statement of claim upon which it was based, and to strike also a subse *11 quent order of the same court, made in the year 1900, reaffirming appellant’s former decree pertaining to what is known as the Doll ditch. Appellant’s counsel contends that these records and documents should not be considered by this court on the theory that they were not formally presented for identification and regularly offered and admitted in evidence on the hearing below. , We hold that the certified copies to which this objection goes, were properly made a part of the record, for the reason that they were authorized to be made such by the order of the trial judge, as above set forth, that is, that counsel was permitted to “supply” these records by certified copies.
But, even if the former decrees were not introduced with the strict formality usually required, it is our opinion that under a proceeding of this sort the trial court had a right, when its attention is directed thereto, indeed must, take notice of the records of its court pertaining to water decrees entered therein. In the case of Irrigation Co. v. Downer, 19 Colo. 595, Chief Justice Hayt uses the following language:
“The statutory proceedings to adjudicate priorities of right to the use of water is not an ordinary, simple action or proceeding. It is a proceeding sin generis to which the rules governing ordinary civil actions are not always applicable. ’ ’ The authorities cited by counsel for appellee to the effect that the trial judge may not take notice of the records of his court except such matters as pertain to the case on trial, are not opposed to the views here expressed. Under the statutory procedure concerning priorities, all adjudications in the same water district are con *12 nected. Each, subsequent hearing or adjudication is supplementary of the original. This is clearly apparent from the statutory provision for numbering and dating each subsequent decree with reference to former decrees, as was' done in this case. The record, including the brief of counsel for appellee, makes it apparent that he desired to attack the decree to the Doll ditch, had it been formally identified and offered in evidence under the proceedings regulating ordinary trials, on the ground of forfeiture by abandonment or non-user. This he could not do, for the reason that the time for attacking the decree to the Dolí ditch had passed without appeal, or even objections or exceptions on the part of appellee, who was a party to both the original and the later proceeding affecting said ditch, held on December 17, 1889 and June 4, 1900. If the Doll decree can be successfully attacked at all, it must be upon something occurring subsequent to June 4, 1900, the date of the last decree affecting it, and on issues properly joined.
The decree rendered by the trial judge in favor of appellee, McEllen, cannot be sustained, because it attempts to make priority No. 201 in said water district senior and superior to priority No. 89 in the same water district, which last priority was dated, as we have seen, December 17, 1889, and reaffirmed June 4, 1900 (which said priorities concededly cover the same water), to both of which proceedings appellee herein was a party and had acquiesced. The decree is fatally defective for the further reason that it purports to award and settle priorities to the úse of water for domestic, household, stock and other beneficial purposes, whereas, the statutes authorizing the adjudication of water rights for other purposes *13 than irrigation did not take effect until July 11, 1903, some weeks subsequent to the beginning of this proceeding, and the court had no -authority to try or determine such rights in this proceeding.
The decree appealed from is further defective in that‘it goes beyond the prayer of the petition. In the original petition appellee asked: “for an adjudication of his priority right for the use of water for irrigation and domestic purposes,” while under the decree, it is attempted to give him a right to the use of water for all the purposes prayed for, and, in addition thereto, for “other beneficial purposes,” without specifying what was intended to be embraced in that all-comprehensive phrase. Nor does the decree segregate the various rights which it attempts to confer upon appelleé, and there is no way of determining what amount of water he would be entitled to for each of the various purposes specified therein.
For the above and foregoing reasons, the judgment of the trial court is reversed, and the case is remanded with instructions that the petition of appellant for reargument or review of the case may be granted.

Judgment Reversed.

Walling, Judge, not participating.