[No. 7900]

## O'Neill v. Northern Colorado Irrigation Company
### et al.

Irrigation—*Adjudication of Priorities—Decrees in Different Districts —Effect*—Under Rev. Stat., secs. 3313, 3314, a decree adjudicating the priorities to the use of water for irrigation in one water district, not appealed from, nor in any manner assailed, becomes, after the lapse of four years, conclusive as to all the ditches in the different districts of the same irrigation division. *Fort Lyon Canal Co. v. Arkansas Valley Co.,* 39 Colo. 332, followed.

Defendant by decree entered December 10, 1883, in water district No. 8, was awarded a priority from January, 1879. Plaintiff, by a decree entered October 18th, 1889, in water district No. 23 was awarded a priority from May 10th, 1879. Water district No. 23 is above water district No. 8, upon the same stream, and in the same irrigation division. After the lapse of more than four years from the entry of the decree in district No. 8 plaintiff brought an action to restrain the officials of the irrigation division and water district No. 23 from closing the headgate of his ditch, so as to permit the water of the stream to flow down to the headgate of defendant. *Held,* that his action was barred by the statute.

*Error to Park District Court.*—Hon. Charles Cavender, Judge.

Mr. G. K. Hartenstein, for plaintiff in error.

Mr. L. M. Goddard, Mr. L. F. Twitcell, Mr. Paul M. Clark, for defendants in error.

Mr. Justice Garrigues delivered the opinion of the court:

This action was commenced February 21, 1912. The purpose is to settle the relative priorities between ditches situated in different water districts on the South Platte river. The action is in the nature of a suit to quiet title to a water right, and asks injunctive relief restraining the closing of plaintiff's headgate. The South Platte river in irrigation division No. 1, is divided into five

water districts. Water district No. 23 includes the river from its source in the mountains to the junction of the north and south branches. Water district No. 8 lies immediately below, and includes the river from the junction down to the mouth of Cherry creek at Denver. The pleadings disclose that plaintiff in error, Dan O'Neill, plaintiff below, is the owner of the O'Neill ditch, and priority, taking water from Tarryall creek, a tributary of the South Platte, in water district No. 23; and the Northern Colorado Irrigation Company, defendant below, defendant in error, is the owner of the High Line canal, and its priority, taking water from the same stream in water district No. 8. A general adjudication decree under the irrigation statutes of 1879-81, entered December 10, 1883, in the district court in Douglas county, settled the priorities of all the ditches diverting water for irrigation from the South Platte river in water district No. 8. This decree awarded the High Line canal priority No. 111 for 1,184 cubic feet per second, dated January 18, 1879. Under the same laws a general adjudication decree entered October 18, 1889 in the district court in Park county, settled the priorities of the ditches diverting water for irrigation from the same river in water district No. 23. This decree awarded the O'Neill ditch priority No. 98 for 28.83 cubic feet per second, dated May 10, 1879. Neither of these decrees have been appealed from, changed, modified or reversed and are in full force and effect. The official defendants are the state engineer, irrigation division engineer of division No. 1, and the water commissioner of district No. 23. Plaintiff's grievance comes from these executive officers delivering the water of the stream in accordance with the decrees of the districts treated as one. The complaint alleges that during the years 1910 and 1911 these officials, upon the demand and at the instigation of the irrigation company, closed plaintiff's headgate and demanded that it remain

closed, and that the water decreed to his ditch flow down the stream past his headgate into district No. 8, to supply the priority decreed the High Line canal, for its use and benefit. Defendants admit these acts, and rely and justify the action upon the adjudication decree in water district No. 8 in Douglas county, and claim that the irrigation statute of 1881 bars plaintiff's right to bring the action. The replication admits the adjudication decrees; but alleges that plaintiff had no notice of, and was not a party to the proceeding in district No. 8 in Douglas county; that the decree, to which he was not a party, in another water district, did not authorize the officials to close his ditch in water district No. 23, for the benefit of defendant's canal; that the district court of Douglas county, when it entered the adjudication decree, had no jurisdiction over him, his ditch or water rights in district 23; that the relative priorities between the ditches has never been adjudicated; that the officials, in closing his headgate, acted under and pursuant to an act of the general assembly concerning irrigation division engineers, approved April 4, 1903, but he alleges that the statute, in so far as it authorizes the closing of his headgate, and delivering the water to the High Line canal, deprives him of his property without due process of law, in violation of the 14th amendment to the constitution of the United States. Demurrers were sustained to the replication, plaintiff elected to stand by the pleadings, declined to plead over, and judgment was entered dismissing the action.

2. The 1879-81 irrigation statutes divide the natural streams of the state into units called water districts, and provide for obtaining a general adjudication decree in each district settling the priorities of all the ditches in the district, and create the office of water commissioner in each district, and make it his duty to distribute the water to the ditches of the district according to the de-

creed priorities. The laws of 1881 divided the state into three water divisions and provided that the water districts of the South Platte river and its tributaries should constitute water division No. 1.

The laws of 1887 created the office of superintendent of irrigation for each water division and make it his duty to see that the water of the division is distributed according to the priorities as established by the decrees in the districts, and provide: if any ditch in any water district, in any water division, is receiving water whose priority post-dates a ditch in another district in the division, as established by the decrees, that he shall shut down the post-dated ditch, and deliver the water to the ditch having the senior priority as shown by the decrees, and in this way enforce the priorities of the ditches on the stream according to the decrees of the whole division, treated as one decree, without regard to the water district within which the ditch is located. In 1903 the legislature changed the name of the officer to irrigation division engineer, but his duty as far as this case is concerned, remains the same. Section 34, irrigation act of 1881, provides in substance that nothing in the act or in the final adjudication decree shall prevent any person at any time within four years after the rendering of the decree from bringing, and maintaining any suit or action which theretofore was allowed, to determine any priority. Section 35, provides in substance, that after four years from the time of rendering the final decree, all persons shall be forever barred from setting up any claim or priority adverse or contrary to the decree. These are the sections relied upon by defendant as a bar to plaintiff's action. Section 26, provides in substance that any party to the proceeding feeling aggrieved by the adjudication decree may apply within two years from the time it was entered for a review or reargument; and upon good cause shown, if the court finds the ends of justice will thereby

be promoted, it may grant a review or reargument either with or without additional evidence. Section 27 gives any party representing any canal who may feel aggrieved by the decree the right of an appeal from the district court to the supreme court of the state.

3. Plaintiff contends, as we understand, that the water commissioner in district 23 should distribute the water to the ditches according to the decree of the district irrespective of the decrees in other districts; that the decree in district 8 when entered did not affect his canal which was outside of the district in which it was entered; that there was no legislative authority for giving the decree in district 8 any force or effect outside of the water district in which it was entered, prior to the irrigation division engineer's act of 1887, as amended in 1903; that the legislature could not by a subsequent act make the decree binding upon him in another water district, by which he was not bound when it was entered; that the Douglas county decree in this case was entered in 1883, and the statute passed in 1887, which, in so far as it gives the decree extra territorial force, is retroactive; that prior to the act of 1887 there was no law requiring plaintiff in water district No. 23 to take notice of the decree in water district No. 8; that the act of 1887 was passed for the purpose of giving decrees theretofore entered, force and effect in other water districts, and to that extent placed a burden and obligation that did not before exist, upon plaintiff in water district No. 23; that the persons barred by the four-year limit (sections 34 and 35, irrigation laws 1881) are those setting up claims in the water district contrary to the decree, and not the persons with adverse claims in another water district; that it was the enforcement of the law of 1887 by the division engineer that made the four-year bar applicable to plaintiff's action in district 23; that if the act of 1887 is eliminated, the foundation for the *Fort Lyon* case in the 39th

Colorado, 90 Pac. 1023, is removed; that the decree in water district No. 8 was not binding, when entered, on plaintiff in water district No. 23, but more than three years after entering it the legislature passed the 1887 law, which, under the construction given the irrigation statutes in the *Fort Lyon* case, authorized the executive officers to summarily take plaintiff's appropriated water and turn it over to the defendant, thus depriving him of his property without due process of law.

4. In the *Fort Lyon Canal* case, 39 Colo. 332, 90 Pac. 1023, the Fort Lyon canal is in water district No. 17 and the Amity canal is in water district 67, both on the Arkansas river in water division No. 2. A general adjudication decree entered June 3, 1895, settled the priorities of all the ditches in district 17, and a like decree entered July 1, 1895 settled the priorities of all the ditches in 67. September 24, 1901, more than four years after entering the decrees, the Fort Lyon Canal Company, owner of the Fort Lyon canal, brought an independent action against the owner of the Amity, to establish the relative priority of the Fort Lyon canal in district 17 as against the priority of the Amity in district 67. The question before this court was whether the relative rights of canals in different water districts on the same stream, in the same division, could be determined in an independent action in a suit brought for that purpose after four years from entering the adjudication decree in the water district. When, if ever, do the decrees in the different water districts of a division on the same stream cease to be *prima facie* evidence of the priorities and become conclusive upon all ditches in the different districts? This court said the answer to the question depended upon the construction of the four-year limitation statutes, sections 34 and 35 of the irrigation laws of 1881. In construing the act, we held that sections 26

and 27 providing for a review, reargument or appeal applied to and were intended for the benefit of ditch owners who were parties to the proceeding in the district; that the decree settling the priorities of the ditches in the district, as to the parties, was *res judicata,* and could only be directly attacked, reviewed or modified, by a party, in the manner provided in sections 26 and 27, and that a claimant representing a ditch in an adjudication proceeding could not maintain an independent action against another claimant representing a ditch in the same proceeding, for the purpose of establishing a right different from that settled by the decree, for the reason that the proceeding as to all the parties is *res judicata* and can not be collaterally attacked; but that the decree is not *res judicata* as to, and could be collaterally attacked by those owning ditches or water rights in other water districts, if commenced within the prescribed time; that such persons could within the time limited commence an independent action for the purpose of determining the relative priorities of canals in different water districts. That sections 34 and 35 apply to and were intended for the benefit of ditch and water right owners in water districts other than the one in which the decree was entered, and fixed the limit of time within which such persons will be permitted to commence an independent action for the purpose of settling the relative priorities of ditches in different water districts, but that after such time had expired, the decrees became conclusive. The court, in the *Fort Lyon* case, holds squarely that the four-year limitation statutes, sections 34 and 35, apply and relate to the representatives of ditches in different water districts than the one in which the decree was entered, and are for their benefit; but that after four years from entering the decree in the different water districts they become conclusive upon everyone, and bar

the commencement of an independent action brought to determine the relative priorities of ditches in different districts.

In the case at bar the adjudication decree in water district No. 8 settling the priority of the High Line canal was entered December 10, 1883. This independent action brought by the owner of the O'Neill ditch in district 23 was commenced February 21, 1912, and by the construction placed upon the statute in the *Fort Lyon* case is barred. An attempt is made to distinguish this from the *Fort Lyon* case, because the statute of 1887, providing in effect that the executive officer of the water division in distributing the water shall treat the decrees of the different districts as one decree, was passed long before the decrees in the *Fort Lyon* case were entered, and the opinion in that case said the owners took their priorities as settled by the decrees with this provision of the law attached to them, whereas in this case the decree of the High Line canal was entered long before the act of 1887 was passed, therefore that provision of the law with regard to treating the different decrees as one could not attach to this decree when it was entered. We do not see how this makes any difference. If the construction placed upon the four-year limit, act of 1881, in the *Fort Lyon* case is correct, of which we have no doubt, then any action that plaintiff might bring to determine the relative priorities of the canals after four years from entering the decree was barred, regardless of the 1887 statute. If the 1887 statute had never been enacted, plaintiff's action would have been barred just the same, and the passage of the statute as far as the bar to this action is concerned made no difference.

*Judgment affirmed.*

Decision *en banc.*