No. 9157.

DUNSTAN *v.* JOHNSON ET AL.

WATER RIGHTS—*Adjudication of Priorities.* In the statutory proceedings for the adjudication of priorities in a water district all appropriators are entitled to be heard and their rights respectively are fixed by what is shown as to the date of their respective appropriations.

No one secures a preference by being the first to offer his proofs.

*Error to Routt District Court, Hon. John T. Shumate, Judge.*

Mr. F. R. CARPENTER, Mr. MALCOLM LINDSEY, Mr. L. H. LARWILL, for plaintiff in error.

No appearance for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error Thomas Dunstan seeks to modify a decree of the District Court awarding priorities of water from Second Creek, in District No. 44, Irrigation District No. 5, Routt County, Colorado. In the proceedings in which the decree was rendered Dunstan entered appearance, claiming an interest in the waters of that creek by an appropriation through the Dick Dunstan Ditch. He was unable then to file a statement of claim or make proof, on account of the absence of essential testimony. However, formal objection was entered to the award of any priority senior to his on that stream. By decree the Johnson Ditch was given a priority as of date June 1, 1896.

At the following term of court, some ten months later, Dunstan filed his formal petition and statement of claim for an adjudication of his right to Second Creek water, through the Dick Dunstan Ditch, claiming a priority of date June 1, 1893. The court, after full hearing, in which all parties in interest participated, found the Dick Dunstan Ditch entitled to a priority of June 1, 1893, specifically holding, however, that such priority was subordinate to that of the Johnson Ditch, with a priority of June 1, 1896, only.

It conclusively appears that the decree is wrong, and inconsistent with and contrary to the rights of the parties, and the findings of fact of the court. The Dick Dunstan Ditch, with its priority three years senior to the Johnson Ditch, can not as matter of fact or law be junior and subject to the rights of the latter. The proceedings herein constitute but a single adjudication in which all parties had a right to appear and be heard, and in which they did appear and were heard. No one could get a priority superior to another on the ground that the one offering first proof got the preference, which seems to have been the theory upon which the court acted.

The judgment of the trial court is reversed and the cause remanded, with instructions to enter a decree giving the Dick Dunstan Ditch an unconditional priority out of Second Creek dated June 1, 1893, for the amount of water to which it is entitled as shown by the original decree.

Judgment reversed and cause remanded, with instructions.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.