No. 10,663.

FORT LYON CANAL CO. *v.* ARKANSAS VALLEY SUGAR BEET
AND IRRIGATED LAND CO., ET AL.

Decided November 10, 1924.     Rehearing denied December 1, 1924.

Action for injunction.     Judgment of dismissal.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.* Fact findings by the trial
    court sustained by sufficient evidence, will not be disturbed on
    review.

2.  WATER RIGHTS—*Decree—Attack.* A water adjudication decree
    may be attacked by suit within four years after its rendition.

3.  *Decree—Attack—Estoppel.* A water user who has acquiesced
    in an adjudication decree in his favor for more than fifteen
    years after its entry is estopped from asserting that the appro-
    priation should date from a time prior to that fixed by the
    decree.

4.  *Decree—Estoppel.* A party is not estopped, under the pro-
    visions of section 1875, C. L. '21, from asserting a claim or pri-
    ority of right to water in one water district adverse or con-
    trary to the effect of a decree entered in another district prior
    thereto.

*Error to the District Court of Bent County, Hon. A. C.
McChesney, Judge.*

Mr. H. L. LUBERS, Mr. C. E. SNYDER, for plaintiff in er-
ror.

Messrs. HODGES, WILSON & ROGERS, Mr. JAMES GRAFTON
ROGERS, for defendants in error.

*Department One.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS action was commenced by the plaintiff, The Fort
Lyon Canal Company, against the Arkansas Valley Sugar
Beet and Irrigated Land Company, in the year 1920.     The

amended complaint alleged that plaintiff was the owner of a system of irrigation canals and reservoirs in Irrigation Division No. 2, and that defendant was the owner of a system of irrigation canals and reservoirs known as The Amity Canal and Reservoir System, in the same irrigation division.

The plaintiff claims that among other rights and priorities in the waters of the Arkansas river, in said irrigation division, duly acquired by the appropriation of water and the actual application thereof to beneficial use in the irrigation of land, by means of the Fort Lyon Canal, adjudicated and confirmed to the plaintiff, it owned a right to 171.2 second feet of water, appropriated long prior to August 31, 1893, by a decree of the district court of Bent county, in Water District No. 17, dated November 29, 1904, as priority No. 24, and by a later adjudication in the year 1905, as priority No. 25, designated in this proceeding as plaintiff's priority No. 3, and dating from August 31, 1893; that no appeal had been taken or writ of error sued out to review that adjudication. The plaintiff then alleged that defendant, in disregard of plaintiff's rights, was unlawfully and wrongfully claiming a right to take, and had taken, 500 second feet of water from the Arkansas River, in Irrigation Division No. 2, under a pretended appropriation pretended to have been made by defendant April 1, 1893, and claimed to have been fixed and adjudicated as of that date by a decree of the district court of Bent county, for Water District No. 67, made and entered about October 14, 1918, designating the same as priority No. 1918-2, the defendant having a certain priority as of date February 21, 1887, of 283.5 cubic feet of water per second of time, decreed on or about July 1, 1895. The plaintiff then proceeded to set forth certain alleged facts for the purpose of showing the invalidity of the No. 1918-2 right and priority claimed by defendant.

Plaintiff further alleged that defendant claimed and diverted the priority to 500 cubic feet of water, per second of time prior, and in seniority to any claim of The Fort

Lyon Canal for 171.2 cubic feet of water per second of time as of August 31, 1893. The plaintiff prayed for injunctive relief to the effect that defendant be enjoined and restrained from diverting any water through the headgate of the Amity Canal, in pursuance of the claimed priority No. 1918-2 for 500 second feet of water, dating from April 1, 1893, until after the full amount of 171.2 second feet of water shall have been supplied to the Fort Lyon Canal in satisfaction of priority No. 25, and that on final hearing the injunction be made permanent; that the decree dated October 14, 1918, be adjudged null and void in so far as the decree purports to adjudge to the Amity Canal a priority dating from April 1, 1893, for 500 second feet of water, and that plaintiff's right in priority No. 25 for 171.2 second feet of water be adjudged to be prior and superior to the right and priority claimed by defendant.

The defendant admitted the allegations of the complaint as to defendant's priorities, and asserted that on or about July 1, 1895, the district court of Bent county, in a general statutory adjudication proceeding for Water District No. 67, decreed to defendant, a certain priority as of date February 21, 1887, of 283.5 cubic feet of water per second of time, and on or about October 14, 1918, the same court decreed to defendant a priority of 500 cubic feet of water per second of time as of date April 1, 1893, and that its right to water from the Arkansas River under its priority decreed October 14, 1918, was prior in right to that of plaintiff under its priority No. 25.

We have stated the foregoing for the purpose of clearly showing the issues raised by the pleadings. After hearing the evidence the court found that in the year 1904, in a general action for the adjudication of the right to the use of water in Water District No. 17, there was awarded to the Fort Lyon Canal and Irrigating System, by court decree, 171.2 cubic feet of water per second of time, to which appropriation the priority date fixed was of date August 31, 1893; that the inception of plaintiff's right to

said appropriation was in the year 1890; that its ditch was enlarged to a capacity sufficient to carry this appropriation, in addition to its previous appropriation, and the work of enlargement was done with due diligence. That prior to the inception of defendant company's rights to its appropriation of 500 cubic feet of water per second of time, to-wit, April 1, 1893, the plaintiff actually applied to a beneficial use 124.84 cubic feet of water per second of time of its appropriation of 171.2 cubic feet, and all its appropriation of 171.2 was actually applied to the irrigation of lands before the defendant company applied any part of its appropriation of 500 cubic feet; that the appropriation of 171.2 cubic feet of water per second of time is, and at all times since, was necessary for the irrigation of lands under plaintiff's ditch.

The court further found that in the year 1918, there was awarded by decree to defendant company, in a general action for the adjudication of the rights to the use of water in Water District No. 67, 500 cubic feet of water per second of time, by which decree its priority was fixed as of date April 1, 1893; that on April 1, 1893, or in any event prior to August 31, 1893, the date of plaintiff's third decreed priority, the defendant company took the first steps looking to the appropriation of water decreed to it by the court in the year 1918. The court made other findings of fact in sustaining defendant's contention.

The court further found as a question of law and of fact that the plaintiff company was estopped by its decree from asserting any appropriation prior to August 31, 1893, the date of its decreed priority.

The court further found that the diligence of the defendant company in doing the work of enlargement on its ditch, and in applying waters therefrom, was sufficient to invoke the doctrine of relation in favor of defendant company, and finally that the defendant company's priority to its appropriation of 500 cubic feet of water per second of time was superior to plaintiff's priority to its appropriation of 171.2 cubic feet of water per second of time. The

court rendered judgment accordingly and dismissed plaintiff's action. Plaintiff brings the case here for review.

From the pleadings it appears that the controversy is between priority No. 3 of plaintiff, decreed in 1905, as of August 31, 1893, in Water District No. 17, and the second priority of defendant decreed in 1918, as of April 1, 1893, in Water District No. 67, the design and purpose of plaintiff being to attack the adjudication of defendant entered in 1918, and if unsuccessful in that, to attack its own decree entered in 1905.

This action was instituted more than four years after plaintiff's decree was entered, and within four years after the entering of defendant's decree. Plaintiff was not a party to the adjudication in which defendant's decree was entered, neither was defendant a party to the adjudication in which the plaintiff's decree was entered.

The trial court found that the date of April 1, 1893, as the date of defendant's second priority, was correct, and that it was senior to plaintiff's third priority. While the evidence was conflicting, there was sufficient to sustain the findings, and under the repeated decisions of this Court they cannot be disturbed. The plaintiff contends, however, that it may ignore and repudiate its own decree entered in the year 1905, giving it priority No. 3 as of date August 31, 1893, and have it determined in this proceeding that its third priority should date from sometime in the year 1890, or in any event prior to April 1, 1893.

Having commenced this action within four years after the entering of defendant's decree, plaintiff could properly attack defendant's decree and show, if it could, that defendant's priority should have been decreed as of some date subsequent to August 31, 1893, but we think plaintiff is bound by its own decree, and cannot now claim that its own priority date should have been earlier than April 1, 1893, or earlier than August 31, 1893. We think the trial court was right in holding that plaintiff was estopped by its decree from asserting any appropriation prior to August 31, 1893. More than fifteen years had elapsed after

its decree was entered and before this action was insti-
tuted, during all of which time plaintiff had acquiesced in
that adjudication. Compiled Laws 1921, Section 1789
limits the time to two years in which a party may seek
a reargument or review of its decree. Compiled Laws
1921, section 1785, provides that "after the lapse of four
years from the time of rendering a final decree, in any
water district, all parties whose interests are thereby af-
fected shall be deemed and held to have acquiesced in the
same, except in case of suits before then brought, and
thereafter all persons shall be forever barred from set-
ting up any claim to priority of rights to water for irriga-
tion in such water district adverse or contrary to the ef-
fect of such decree."

By virtue of these sections of the statute, the plaintiff's
decree is binding upon it, and this view we think is sus-
tained by the following cases:   *Ft. Lyon Canal Co. v. Ar-
kansas Valley Co.,* 39 Colo. 332, 90 Pac. 1023; *O'Neill v.
Northern Colorado Irrigation Co.,* 56 Colo. 545, 139 Pac.
536.

The right of any person to bring an action under sec-
tion 1784, compiled Laws 1921, is subject to the limita-
tions imposed by sections 1785 and 1789, supra. Such
must have been the legislative intent, otherwise there
would be no limitation upon the bringing of an action un-
der that section of the statute, and the question of the
priority to the right of water would remain indefinitely
unsettled. *Canal Co. v. Loutsenhizer D. Co.,* 23 Colo. 233,
48 Pac. 532.

Plaintiff's further contention is that defendant's decree
is void for the reason that defendant was estopped from
asserting in the general adjudication proceedings in Water
District No. 67 in 1918, any claim or priority of right to
water for irrigation in such water district adverse or con-
trary to the effect of the decree entered in Water District
No. 17 in 1904, in which plaintiff was decreed 171.2 cubic
feet of water. This is claimed because of section 1785,
Compiled Laws 1921, above quoted. In support of this

claim, plaintiff cites *Ft Lyon Canal Co. v. Arkansas Valley Co., supra; O'Neill v. Irrigation Co., supra; Rogers v. Nevada Canal Co.,* 60 Colo. 59, 151 Pac. 923, Ann. Cas. 1917C, 669.

We do not think the section of the statute referred to is applicable to defendant's decree, nor do we think the cases cited bear the interpretation placed upon them.

We see no good reason for holding the decree entered in the adjudication proceedings in Water District No. 67 to be void.

The judgment of the trial court was correct and should be affirmed.

MR. JUSTICE ALLEN sitting as CHIEF JUSTICE and MR. JUSTICE WHITFORD concur.