## No. 11,603.

PEOPLE, EX REL. DENVER *v*. DISTRICT COURT OF THE FOURTH DISTRICT IN AND FOR DOUGLAS COUNTY.

Decided January 31, 1927.   Rehearing denied February 21, 1927.

Petition for writ of prohibition.

*Rule to show cause discharged and petition dismissed.*

1. PROHIBITION—*Supreme Court—Jurisdiction.*   The jurisdiction of the Supreme Court to issue prerogative writs to an inferior court is not properly invoked unless, among other things, the matter in dispute is publici juris, affects the state as a whole and in its sovereign capacity, and unless the inferior court is without jurisdiction in the premises; and always the issuance of the writ is discretionary and not as of right.

2. VENUE—*Public Utility.*   Unless the greater part of the public utility affected by the suit is situate in the county to which the change of venue is desired, that county is not the proper place of trial.

3.    *Water Rights.*   The contention that the procedure provided by the general adjudication statutes of 1879 and 1881 applies only to rights within a single water district, and that the Civil Code governs the place of trial where the litigation affects rights in different districts, overruled.

4.   JUDGMENTS—*Modification—Jurisdiction.*   It is a general rule of substantive law that only the court that renders the judgment has jurisdiction to entertain suits to set it aside or modify the same.

5.   QUIETING TITLE—*Water Rights—Venue.*   An action to quiet title to a water right is triable in the county in which the water right is situated.

6.  ACTIONS—*Water Adjudication.* An adjudication proceeding to determine the relative priorities in different water districts is not a code proceeding, and section 26 of the Code is not applicable.

7.  VENUE—*Water Rights.* An equitable suit to protect decreed water rights of plaintiff and to subordinate inferior rights of others thereto, where it is an action concerning conflicting claims arising in different water districts, is authorized by C. L. § 1784, and under the facts disclosed in the instant case was properly brought and should be tried in the county of plaintiff's residence.

8.  *Water Rights.* The fact, if it be a fact, that an action to protect decreed water rights against the claims of others might have been brought and maintained in some other water district than that of plaintiff's residence, does not of itself entitle defendant to have the suit removed to another county.

## Original Proceeding.

Mr. HENRY E. MAY, Messrs. LINDSEY & LARWILL, Mr. E. C. BURCK, for petitioners.

Mr. L. F. TWITCHELL, Mr. JOHN BOYLE, Messrs. PONSFORD, PENDER & LARWILL, for respondent.

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, Mr. GAIL L. IRELAND, Mr. CHARLES F. TEW, amici curiae.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE people, ex rel. the City and County of Denver and its board of water commissioners, filed in this court a petition for a writ of prohibition running to the district court of Douglas county and commanding that tribunal to desist from further proceeding in, and to transmit to the district court of the City and County of Denver, a certain suit there pending wherein the plaintiffs—as owners of water priorities decreed to them respectively more than forty years ago by the district court of Park

county in a special statutory adjudication proceeding brought in water district No. 23—were questioning the validity and integrity, as against them, of a certain priority decree awarded to the City and County of Denver by the district court of Douglas county, rendered March 23, 1922, in a similar adjudication proceeding by the district court of Douglas county in water district No. 8. Upon filing of the petition we issued a rule to show cause, to which the respondent Douglas county district court made its return. Therefrom it appears that the relators here, defendants in the Douglas county court suit, had filed a motion therein for a change of venue to the Denver district court supplementing the same by affidavits, the two grounds relied upon being convenience of witnesses and that the county designated in that complaint is not the proper county for the trial of the suit. The first ground seems to have been abandoned or, if not, it was premature. The second ground, and the only one necessary to consider, is said to make the removal imperative because the water which the Douglas county decree permits the city to divert from Platte river, which is the common source of supply of both the plaintiffs and the city, is used almost entirely within the City and County of Denver, and no part thereof is used within Douglas county; that the supplying of such water is a public utility of vital necessity to the inhabitants of Denver, and that the suit sought to be removed affects such utility and, therefore, under section 26 of our Code of Civil Procedure (1921) must be tried in Denver county and not elsewhere. It seems fitting to repeat, what we have so often declared, that the jurisdiction of the Supreme Court to issue prerogative writs to an inferior court is not properly invoked unless, among other things, the matter in dispute is publici juris, affects the state as a whole and in its sovereign capacity, and unless the inferior court is without jurisdiction in the premises, and always the issuance of the writ is discretionary and not as of right. This doctrine has not only been carried into

our decisions but is recognized and embodied in rule 57 of this court. It must not be inferred that the showing in this petition brings the application within the requirements, but as our conclusion is that the rule to show cause must on other grounds be discharged, for our present purpose only we shall assume, but not decide that jurisdiction is invoked. Unless section 26 of the Code is controlling there is no reason at all for interfering with the Douglas county court for that is the only basis for the contention of the relators. The section, so far as pertinent here, reads: "All actions affecting property, franchises or utilities, whether by foreclosures, appointment of receivers, or otherwise, shall be tried in the county where such property, franchise or utility is situated, or in the county where the greater part thereof is situated."

If, as argued by counsel for relators, the furnishing of water is a public utility, the return of the respondent Douglas county court states that while the water in question, or the greater part thereof, is used within the city, its diversion from Platte river, which constitutes the alleged injury to the plaintiffs, is made outside the city and not within Denver county into whose district court removal of the suit in question is asked. It is not merely the use, but the diversion that follows the use, i. e., the appropriation resulting from the combined acts that causes the injury. The affidavits for the change of venue may state that the greater part of the utility is situate in Denver county, but that is nothing more than the affiants' conclusion. The record of the case, included in the return, does not show that the greater part of such utility affected by this suit is situate in Denver county, and unless that fact is made clearly to appear, as it has not been, Denver county is not the proper place of trial. It must not be overlooked that this suit also affects the properties of all the plaintiffs, and it affects them directly in Douglas county.

But there are other and compelling reasons for discharging the rule. The relators admit that if the suit

brought and now pending in the district court of Douglas county was one between rival decreed priorities in the same water district, or, as they denominate it, if it was an "intra-district suit," it was properly brought in that court and Douglas county is the proper place for trial. *Farmers Independent D. Co. v. Agricultural D. Co.,* 22 Colo. 513, 45 Pac. 444, 55 Am. St. Rep. 149; *Fort Lyon C. Co. v. Arkansas Co.,* 39 Colo. 332, 90 Pac. 1093; *Fort Lyon Co. v. Natl. Sugar Co.,* 68 Colo. 36, 189 Pac. 252. But they say that the return shows on its face that it is a suit between owners of water priorities whose respective rights are derived from or evidenced by adjudication decrees made in different water districts, hence it is an "inter-district suit" and as such the proper place for trial is not in Douglas county but, inferentially, in Denver county because of the provisions of section 26 of the Code already considered. Relators broadly insist that the procedure provided by the general adjudication statutes of 1879 and 1881 apply only to rights within a single water district and, therefore, the Civil Code governs as to place of trial. On this assumption they base their entire argument. They are in error in making this contention. Section 1784, C. L. 1921, a part of these adjudicating statutes, authorizes the bringing of this very action which relators ask to have removed, and prescribes the very procedure followed by the plaintiffs therein. In *Fort Lyon Canal Co. v. National Sugar Co., supra,* we held that this section affords appropriators the remedy that exists for an infringement of a priority right in one district by the owner of a priority in another water district. True, this section does not in terms designate the place of trial of such a suit for the infringement, but it does say that it may be brought "in any court having jurisdiction," and the section also says that the one injured may bring and maintain any suit or action whatsoever hitherto allowed, and the time within which such an action or suit must be brought is limited to four years. It does not necessarily follow from this omission to desig-

nate the particular county in which such action must be brought, and tried, that the provisions of section 26 of the Civil Code govern. Certainly if these adjudication statutes had not been passed, and the City and County of Denver had gone into the district court of Douglas county and obtained the same kind of a decree that was awarded to it by the district court of Douglas county under the special adjudicating statute, and if this decree had injuriously affected the prior rights of the plaintiffs to other appropriations which they had made from the same source of supply, the Platte river, the plaintiffs would have been entitled to resort to the district court of Douglas county for the purpose of attacking the decree to the city of Denver if it infringed their rights. It is a general rule of substantive law that only the court that renders the judgment has jurisdiction to entertain suits brought to set it aside or modify the same. *Farmers' Ditch Co. v. Boyd Co.,* 66 Colo. 29, 178 Pac. 561. Moreover, it might not be difficult to demonstrate that, though section 1784 is silent as to place of trial, that the rule, as to place of trial, that governs intra-district suits should be applied to inter-districts suits.

The relators further say that this Douglas county suit is in the nature of a suit to quiet title, citing *Weldon Co. v. Farmers Co.,* 51 Colo. 545, 119 Pac. 1056, and *O'Neill v. Northern Colo. Irr. Co.,* 56 Colo. 545, 139 Pac. 536. If so, it is a suit to quiet their own title, and so far as this record shows it does not seek to quiet title to defendants' water rights. If the city's water rights are in Denver the plaintiffs' water rights are situate in Douglas county and that is the proper county for the trial. They also say that it is an adjudication proceeding to determine the relative priorities in different water districts. Of course, if it is the latter then it is not a code proceeding (*Sterling Irr. Co. v. Downer,* 19 Colo. 595, 36 Pac. 787; *Haines v. Fearnley,* 51 Colo. 317, 117 Pac. 162), and, if so, this section 26 of the Code has no application. It may be that in some particulars it is in the nature of a suit to quiet title

or in the nature of a bill of peace in equity. We think, however, that a fair construction of the complaint in the Douglas county district court is that therein is pleaded an equitable cause of action by the plaintiffs to protect their prior decreed rights which, by the lapse of time, have become fixed, and invulnerable as against attack, and its primary object is to subordinate the conflicting rights of the defendant Denver municipality which it sets up to the waters of the same stream by virtue of a decree of the district court of Douglas county in a special statutory proceeding which are inferior to and subject to the prior usufruct rights of the plaintiffs to the same waters. Our conclusion is that the Douglas county suit is one concerning conflicting claims arising in different water districts, and as such is authorized by section 1784 supra, and its object being what we have just determined, the district court of Douglas county was the proper place in which to bring the suit and Douglas county is the proper place for the trial. The plaintiffs' rights are evidenced by a decree of the district court of Park county in a proceeding under the special adjudicating statutes in water district No. 23. The defendants' rights are evidenced by the Douglas county decree of 1922 rendered many years later in water district No. 8. The parties are in accord, as was stated at the oral argument, and as it appears in the briefs, that the decreed rights in several other water districts may be affected by the decree of the city in the Douglas county district court. Even if it be conceded that plaintiffs' action might have been brought and maintained in some other water district, that of itself does not entitle the relators to have the suit removed to the Denver district court. In this particular, *Field v. Kincaid,* 67 Colo. 20, 184 Pac. 832, is authority in favor of the respondent. The fact is that the jurisdiction of the district court of Douglas county was invoked first by relators resulting in a decree, thereafter by plaintiffs attacking the same, before any similar suit or action by

either of the parties was instituted in any other court. There is no sufficient showing that the cause should be removed to the Denver district court. It should remain for trial where it is, and the rule to show cause is discharged and the petition is dismissed.

MR. JUSTICE DENISON dissenting.

MR. JUSTICE BUTLER did not hear the oral argument or participate in the decision.