No. 12,166.

PEOPLE EX REL. BENNET, ET AL. *v.* DISTRICT COURT, SECOND
DISTRICT.

Decided July 25, 1928.   Opinion filed September 10, 1928.

Mr. PHILIP S. VAN CISE, Mr. KENNETH W. ROBINSON,
Mr. HARRY S. SILVERSTEIN, Mr. A. L. DOUD, Mr. FRED S.
CALDWELL, Mr. GRANBY HILLYER, Mr. BERNARD J. SEEMAN,
Mr. ERNEST L. RHODES, for petitioners.

Mr. FOSTER CLINE, Mr. HARRY C. RIDDLE, Mr. JAMES
A. MARSH, for respondents.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

IN a criminal case pending in the district court of the
second judicial district, presided over by the Honorable
George F. Dunklee, the defendants, Bennett, Stearns,
Bradford, Kryder, Killin, Crozier and Griffith made an

application under sections 6598 and 6599, C. L., for the calling in of another judge to try the case, claiming that Judge Dunklee was prejudiced against the defendants. The application was denied, whereupon the defendants in that case brought this proceeding seeking to have this court order Judge Dunklee to call in another judge to try the criminal case, and to prohibit Judge Dunklee from further proceeding in the case. On July 25 we denied the application and announced that an opinion would be filed later.

The petitioners rely upon *People, ex rel. Burke v. District Court,* 60 Colo. 1, 152 Pac. 149, as conclusive of their right to a writ of prohibition. That case was decided in 1915. After the publication of the opinion this court added to its rule relating to original writs the following provision: "Writs of prohibition will not hereafter be granted except in matters publici juris or matters of great gravity and importance. The mere fact that a court has erroneously granted or denied change of venue or is otherwise proceeding without or in excess of jurisdiction will not be regarded as sufficient." Rule 57.

The writ is not a writ of right; whether or not it shall issue is within the discretion of the court. *People, ex rel. Denver v. District Court,* 80 Colo. 538, 253 Pac. 24. In denying the application, Judge Dunklee said: "The court disclaims any desire to as judge try or hear this case, but on the other hand the court desires to state that it does not desire to shirk any responsibility or duty enjoined upon the court by law. The court, as shown by the records and files herein, heard and passed on seventeen motions, eight demurrers, two petitions, and heard argument herein for a period of twenty-one days, and the court is of the opinion that it would not be fair or just to the people for the court to stand aside and call in another judge unless a legal showing has been made which makes such action on the part of the court obligatory as a matter of law."

Whether the showing made was sufficient in law to entitle the defendants to have another judge try the case, is a question that is argued with marked ability by counsel on both sides. A careful examination of the record and the briefs leads us to the conclusion that, in the exercise of a sound legal discretion, we should not in this proceeding review the ruling of the trial court. If the defendants should be convicted, a writ of error would present that ruling for our consideration.

While this opinion is being written the criminal case is being tried. In order not to prejudice the rights of either the people or the defendants, we refrain from discussing in detail the matters presented by the record.

The petition is dismissed.

MR. JUSTICE ADAMS dissents. MR. JUSTICE WHITFORD did not participate.