**HOLBROOK IRRIGATION DIST. v. ARKANSAS VALLEY SUGAR BEET & IRRIGATED LAND CO. et al.**

No. 460.

Circuit Court of Appeals, Tenth Circuit.

Dec. 31, 1931.

See also (D. C.) 42 F.(2d) 541.

A. W. McHendrie, of Trinidad, Colo. (Marion F. Miller, of La Junta, Colo., and Forrest C. Northcutt, of Denver, Colo., on the brief), for appellant.

Henry C. Vidal, of Denver, Colo. (William V. Hodges and D. Edgar Wilson, both of Denver, Colo., on the brief), for appellees.

Before COTTERAL and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

COTTERAL, Circuit Judge.

The appellant, the Holbrook Irrigation District, a Colorado corporation, brought

this suit on November 26, 1921, in the district court of Bent county, Colo., to obtain a decree, awarding appellant a priority over the appellee, the Arkansas Valley Sugar Beet & Irrigated Land Company, a New Jersey corporation, in taking water for irrigation purposes from the Arkansas river in Colorado. The parties have their respective headgates in water districts 17 and 67, both districts being located in irrigation division 2.

The suit was removed to the federal District Court for Colorado, on the petition of appellee, which alleged diversity of citizenship between these parties and a requisite amount in controversy. Appellant's motion to remand the suit to the state court was denied. The cause was then tried on the merits and resulted, on December 29, 1930, in a decree finding a priority for appellee in the use of 500 cubic feet of water per second, and dismissing the bill.

The two questions involved in this appeal are whether there was error in the refusal to remand the suit, and in the award of priority to appellee. The parties are designated herein as the Holbrook and the Amity.

At the trial there was an agreed statement of facts and oral testimony. The material facts are undisputed. As the trial court found, there were statutory adjudications of priority in the district court of Bent county for the parties in their districts. On April 8, 1905, there was decreed to the Holbrook in district 17, priority No. 10, as of date September 25, 1889, for 155 cubic feet of water per second, and No. 24, as of date August 30, 1893, for 445 cubic feet per second. On July 1, 1895, there was decreed to the Amity in district 67, priority No. 7, as of date February 21, 1887, for 283.5 cubic feet per second, and on October 14, 1918, priority No. 1918-3, as of date April 1, 1893, for 500 cubic feet per second, in a proceeding which was supplemental to and a continuation of the general proceeding for adjudication of priorities in district No. 67.

The court further found that on April 1, 1893, the Amity took the first patent steps toward appropriating water under the decree of October 14, 1918, that they were notice to all other water users or claimants, and that due diligence was used in the enlargement of the Amity canal and the necessary use of 500 cubic feet of water for irrigation purposes.

The conflict between the parties arose from the fact that the use of 500 cubic feet of water by the Amity for irrigation purposes precluded the Holbrook from the use of its award of 445 cubic feet of water, also neces-sary for such purposes. Seniority was decreed to the Amity, dating from April 1, 1893, which was held to be valid as compared with Holbrook's priority dating from August 30, 1893. It was also decided that the facts were insufficient to subordinate the Amity to the Holbrook or estop the Amity from exercising its priority.

Neither party here was a party to the statutory adjudication in favor of the other. Interdistrict disputes were not authorized therein. Ft. Lyon Canal Co. v. Nat. Sugar Mfg. Co., 68 Colo. 36, 189 P. 252.

The foregoing will suffice for an intelligent review of the denial of the motion to remand the suit. That question has two phases, one regarding diversity of citizenship and the other the jurisdiction of the federal court over the controversy.

■■ The joinder of the individual defendants was insufficient to defeat jurisdiction. They had no actual interest in the controversy and were concerned only as water officials in the distribution of water as decreed. They were not indispensable parties and not even necessary parties. But only indispensable parties are to be considered in determining jurisdiction. Jones v. Box Elder County, 52 F.(2d) 340 (10 C. C. A.). There was diversity of citizenship between the real parties in interest.

■ In determining whether, when priorities are decreed in different districts, a federal court has jurisdiction to determine the conflict between them, it is only necessary to consider whether this is a civil suit at law or in equity between citizens of different states, and a sufficient amount is in controversy. In such a case, a federal court has original jurisdiction and a suit may be removed to that court from a state court. Sections 41 and 71, title 28, U. S. Code (28 USCA §§ 41, 71).

■■ It is contended that there is no removable controversy because this suit is merely supplemental to a main action. But it is not of that character, and there is no statute in Colorado which authorizes supplemental proceedings for the determination of conflicting priorities arising in different water districts. The plaintiff itself invoked the equity jurisdiction of the state court by virtue of a statute, which requires an independent suit for that purpose. Section 1784, Comp. Colo. Laws 1921. If the state court had jurisdiction to adjudicate the conflict in this suit, then the federal court, on removal, had jurisdiction over the controversy. Substantive property rights are involved. They were sub-

ject to adjudication in a state court and likewise in a federal court, where the jurisdictional facts exist. Henrietta Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737; Commissioners v. St. Louis S. W. R. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364; Hughes Fed. Prac., vol. 4, section 2276. The motion to remand the suit was properly overruled.

The Amity canal has apparent priority in the adjudication as of date April 1, 1893, over the Holbrook as of date August 30, 1893. To avoid such priority, the Holbrook contends that: (1) The Holbrook has priority because it became vested and invulnerable more than four years before the commencement of the proceedings for the Amity decree of 1918; (2) the Amity decree was by its own terms and by law rendered in excess of jurisdiction as against a priority dating earlier than February 11, 1906; (3) the assertion of the Amity priority was barred by limitation after four years from the date of the Holbrook decree of April 8, 1905; (4) the Amity was estopped to claim priority.

The state of Colorado has enacted statutes forming a comprehensive scheme for the control and allotment of waters for irrigation purposes. Statutory proceedings were authorized for the adjudication of priorities. They are codified in Compiled Colorado Laws 1921. The district court of the proper county has exclusive jurisdiction to adjudicate priorities in each district. Section 1752. Such adjudication is subject to reargument or review for two years. Section 1789. The decrees are binding until by separate suit priorities as between the parties in different districts are otherwise determined, but a suit to determine them must be brought within four years after a final decree in a water district. Section 1784. By section 1785, it is provided:

"After the lapse of four years from the time of rendering a final decree, in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same, except in case of suits before then brought, and thereafter all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree."

At the outset it is appropriate to say that the interpretations given by the Supreme Court of Colorado to the various statutes of the state regulating water rights are binding on the federal courts. Oklahoma Gas & Elec. Co. v. Wilson & Company, 54 F.(2d) 596.

Counsel for appellant stress as decisive of their first proposition and of this suit Fort Lyon Canal Co. v. Arkansas Valley Sugar Beet & Irrigated Land Co., 39 Colo. 332, 90 P. 1023. That case decided that a final decree in a district is res judicata between the parties and prima facie binding in different districts for four years, with the privilege of bringing suit within that period to settle and adjust rights decreed in the different districts, that thereafter a suit is barred, and that parties to adjudication proceedings in one district are bound to take notice of the rights adjudicated in other districts.

The Holbrook priority of August 30, 1893, is thus claimed to have become fixed, vested, and free of attack. The contention is not sound that the case cited decides the Holbrook priority must prevail, on the ground it was vested before the supplemental proceedings were taken to establish the Amity priority. That question was not involved or decided in the case. The holding that a party with an adjudication in one district must take notice of those made in another means notice of both original and supplemental decrees, the latter being authorized by law, and not a new proceeding, but a continuation of and relating back to the original adjudication. This view is emphasized by considering that a supplemental adjudication is based on notorious acts of actual appropriation of the date when it is decreed to have been in force and is effective when completed with reasonable diligence. Trowell Land & Irr. Co. v. Bijou Irr. Dist., 65 Colo. 202, 176 P. 292. The Holbrook necessarily therefore seeks to antedate its priority merely because it was established by prior proofs. But this is not a proper test of priority rights. Dunstan v. Johnson, 66 Colo. 326, 181 P. 766. The Amity priority must stand as of the date decreed, unless found to be junior to the Holbrook on some other and tenable ground.

Counsel for the Amity cite a case wherein its priority was directly involved. Fort Lyon Canal Co. v. Arkansas Valley Sugar Beet & Irr. Land Co., 76 Colo. 278, 230 P. 615. In that case the appellant had an adjudication in District 17, as of date August 31, 1903. It assailed the Amity priority here involved after four years from the date of its decree, but within four years from the date of the Amity decree. The decision was that the plaintiff was bound by and could not ante-

date its own decree or prevail against the Amity, sustained by sufficient evidence, as of date April 1, 1893. The question here raised was not directly ruled, but it is significant that the Amity priority was upheld, because it had its inception in an appropriation which occurred on April 1, 1893. The Holbrook is of course not bound by that case, not being a party to it.

The next contention is that the Amity decree of October 14, 1918, provides that previous conflicting adjudicated priorities in a district are not to be disturbed, the Amity priority is junior thereto and may go back no farther "than a date subsequent to the date of the latest appropriation decreed in any of the decrees heretofore entered in this cause," and as the latest other priority therein was of date February 10, 1906, the Amity could not antedate it, and is therefore junior to the Holbrook.

This is an attempt to apply a doctrine of subordinating an adjudication in one district to an adjudication in another because the former is junior in its district. But no such doctrine can be sustained. An all-sufficient reason is that the Holbrook was not a party to the decree in district 67 and is neither bound by nor entitled to take the benefit of it. The adjudication could regulate only the priorities among the parties to the proceeding. The Amity decree of 1918 was in terms junior to adjudications for the other parties in district 67, but it did not purport to be and was not junior to any adjudication in district 17.

Another reason why the theory of subordination is unavailing to the Holbrook is that no priority over the Amity in district 67 was sufficiently shown. A priority depends on acts of appropriation from a common water source—in this case from the Arkansas river or its tributaries. Appellant relies on the prior adjudication in district 67 of February 10, 1906. It purports to award the Paul's creek ditch a priority on the waters of Wild Horse creek which flows into the Arkansas river at a described location. We are not advised by evidence whether this priority even takes any part of the water claimed by the Amity. Counsel for the Amity states the creek is located far below it. This court has no other information on the subject. Counsel for appellee has not referred to, or

pointed out the location of, any other senior priority in district 67. We do not regard it as our duty to search the various exhibits to discover whether there was such priority senior to the Amity. The conclusion is therefore warranted that there was none.

There was no attempt to prove the Amity priority was ineffectual for want of acts constituting an appropriation of the water rights. The findings of the trial court are not questioned in that respect. This being the state of the record, we find no reason to hold that this priority was not valid from April 1, 1893. As heretofore stated, it was upheld in Fort Lyon Canal Co. v. Arkansas Valley Sugar Beet & Irrigated Land Co., supra, where it was assailed upon the evidence. It certainly is valid in this case, where the sufficiency of the evidence to sustain it is not challenged.

It is immaterial that the Amity might not attack the Holbrook after the expiration of the statutory limitation. There is no attempt to do so. But the concession that the Holbrook is in full force does not, as already shown, entitle it to antedate the Amity.

Appellant's plea of estoppel is not well founded. It is said to have arisen because appellee should have asserted its claim to the 500 cubic feet of water when it had an opportunity in the original proceeding, and failing to do that misled the appellant, to its injury. One weakness in the plea is that appellee's acts looking to the appropriation of the water began on April 1, 1893, and the finding of the trial court imports due diligence in completing the appropriation. Of the fact appellant must then have had knowledge if its future use of water was threatened or lessened by the acts of appellee, and, if it made expenditures thereafter, it was not because it was misled. However, in the record we find no evidence on which the claim of estoppel might be predicated.

The arguments of counsel have been elaborate and they have cited many decisions deemed applicable to various phases of this case which we have not noticed. What we have said is sufficient to require a conclusion in favor of the appellee. The decree of the District Court was right, and it is accordingly affirmed.