## No. 9613.

FORT LYON CANAL CO. *v.* NATIONAL SUGAR MFG. CO. ET AL.

IRRIGATION—*Adjudication—Who May Assail—Statute Construed.*
The phrase "any party or parties feeling aggrieved" as used in sec. 3315 of the Revised Statutes does not include appropriators in another water district, who are not parties to the adjudication.

Parties aggrieved by such decree may obtain relief by pursuing the provisions of Rev. Stats., sec. 3313.

*Department Three.*

(Burke, J., sitting for Allen, J., and Denison, J., sitting for Bailey, J.)

*Error to Pueblo District Court; Hon. Samuel D. Trimble,*
*Judge.*

Messrs. HILLYER AND KINCAID and Mr. WM. H. GABBERT,
for plaintiff in error.

Messrs. DUBBS & VIDAL, Messrs. HARTMAN & BALLREICH
and Mr. JOHN H. VOORHEES, for defendants in error.

Mr. Justice Burke delivered the opinion of the court.

NOVEMBER 25, 1916, there was filed in the office of the
Clerk of the District Court of Pueblo County a final decree
in a certain statutory proceeding for the adjudication of
priorities of water rights for irrigation in water district
No. 14 wherein *inter alia* Lake Henry Reservoir, owned by
one of defendants in error, was decreed priority No. 10 as
of 1891 and Lake Meredith Reservoir, owned by the other,
priority No. 11 as of March 9, 1898. November 21, 1918,
plaintiff in error filed therein its petition for a review and
re-hearing of said decree, "with additional testimony." It
is alleged therein that petitioner is the owner of certain
adjudicated water rights in water district No. 17, and the
owner and claimant of others therein unadjudicated, all
within the jurisdiction of the District Court of Bent County,
and that petitioner was not a party to said adjudication in
water district No. 14. Such further facts are set forth as
would entitle plaintiff in error to the relief demanded were
its water rights in water district No. 14, and subject to
adjudication in the District Court of Pueblo County. The
petition of plaintiff in error was set for hearing January
27, 1919. Prior to that date both defendants moved to
quash the order and service of notice, and dismiss the peti-
tion for want of jurisdiction. April 10, 1919, said motions
were sustained and from that judgment this writ is prose-
cuted. All of the water rights here involved are located
in the general drainage area of the Arkansas river. For
the purpose of statutory adjudications the District Court of
Bent County has exclusive jurisdiction in water district No.
17 and the District Court of Pueblo County in water district
No. 14.

Burke, J., after stating the facts as above.

Plaintiff in error claims a hearing and relief under Sec. 3318, R. S., 1908, which reads: "The district court, or judge thereof in vacation, shall have power to order, for good cause shown and upon terms just to all parties, and in such manner as may seem meet, a re-argument or review with or without additional evidence, of any decree made under the provisions of this act, whenever said court or judge shall find from the cause shown for that purpose by any party or parties feeling aggrieved, that the ends of justice will be thereby promoted; but no such review or re-argument shall be ordered unless applied for by petition or otherwise within two years from the time of entering the decree complained of." The sole question requiring our consideration is whether the language "any party or parties feeling aggrieved," as used in said section, should be construed to include claimants in another water district who were not parties to the adjudication.

The words "party aggrieved" may have different meanings depending entirely upon the connection in which they are used. The interpretation given them in one connection may throw no light upon their meaning as used in another. We confine ourselves therefore solely to the meaning of the language in question as used in this particular section of our adjudication statutes.

It is a cardinal rule of statutory construction that in case of ambiguity the intent of the legislature is to be determined from the entire body of the statute. Sec. 3318, *supra*, is one of the sections relating to the subject of adjudication of priorities of right to the use of water for irrigation, a subject which is covered by sections 3276 to 3320, both inclusive, R. S., 1908. Sixteen of these sections contain language expressly limiting their operation to claimants in the particular water district in which the adjudication is had. Others are unmistakably so limited by implication. No one of these sections contains express language permitting a claimant outside of the district to participate in any respect in the adjudication. It thus appearing that

these adjudication statutes are limited in their application to claimants in the particular water district wherein the proceeding is brought, had it been the intention of the legislature to extend the operation of any section of the act to claimants outside said district, that intention would have been made expressly to appear and not been left to implication or inference.

The identical question here under consideration has not heretofore been before this court for determination. The most that can be said is that side lights are thrown upon it by the following excerpts:   "The decrees are *res judicata* between those who were parties to, or participated in, the proceeding in which such decrees were rendered,   *   *   *. Ample provision is made for the protection of the rights of parties to proceedings in the same district, but none of the provisions relating to this class relate to appropriators in different districts, as between each other.   *   *   *   In order to protect their rights, as between each other, a period was given within which actions might be instituted to settle and adjust such rights.   *   *   *   Parties to adjudication proceedings in one district are bound to take notice of the rights adjudicated in other districts   *   *   *   unless an independent action is commenced and prosecuted to judgment, the rights of appropriators in different districts will not be settled in a common forum,   *   *   *.   It is also urged that, because parties claiming rights to the use of water outside of the district in which adjudication proceedings are had may not participate in such proceedings, therefore the statutes in question (four year limitation, sections 3313, 3314, R. S., 1908), must be limited to parties in the same water district.   Instead of this being an argument in favor of such construction, we think it but strengthens the conclusion, that these sections were intended to protect the rights of parties claiming water from the same source in different water districts if they saw fit, within the time prescribed, to assert their rights by some appropriate action. Such a provision was necessary to protect the rights of claimants to water in different districts because they could

not be heard in a common forum, in a statutory adjudication." *Fort Lyon Canal Co. et al. v. A. V. S. B. & I. L. Co. et al.*, 39 Colo. 332, 90 Pac. 1023.

"No provision is made for those owning lands situate outside of the district to be made parties to the (adjudication) proceeding, although one and the same stream may be relied upon as the common source of supply, and the different interests may for this reason be antagonistic. * * * The act does not attempt to make such decrees conclusive as between the various districts, but, in effect, it provides that until the courts shall determine otherwise in some appropriate proceeding, the superintendent shall treat the decrees as *prima facie* correct and distribute water accordingly. * * * Undoubtedly the owners of priorities in one water district may by appropriate pleadings challenge the correctness of decrees entered in other water districts. where the rights of the former are unjustly affected thereby, * * *." *Farmers Independent Ditch Co. v. Agricultural Ditch Co.*, 22 Colo. 513, 45 Pac. 444, 55 Am. St. 149.

"The statutory proceeding to adjudicate priorities of right to the use of water, * * * is not an ordinary civil action or proceeding; it is a proceeding *sui generis*, to which the rules governing ordinary civil actions are not always applicable. * * * The irrigation acts * * * provide for determining priority of appropriation of water for irrigation purposes between ditch companies *within the same water district* * * *. The irrigation acts provide for a separate adjudication of priorities for each irrigation district, but not for the settling of priorities beyond the limits of the district. * * * The division of an irrigation district before the final adjudication of priorities therein, * * * does affect the jurisdiction of the court *. * * *. The objection that petitioner is liable to have its rights interfered with by reason of the fact that its claims to priority can not be considered, compared and adjudged in connection with the claims of those having ditches farther up the Platte river in Irrigation District No. 1, is

doubtless a matter of some importance; but the same objection is liable to arise wherever the same natural stream includes different water districts, as was the case with several of the original districts. For such injuries some remedy must be sought other than the statutory adjudication of priorities, * * *." *Sterling Irrigation Co. v. Downer,* 19 Colo. 595, 36 Pac. 787.

"It is true * * * the act * * * limits *the review or re-argument of such decrees* to the period of two years from their entry; * * *. But these sections do not apply to an original proceeding for an adjudication of priorities by a party who has never had his day in court. A re-argument implies a previous argument, or at least a previous opportunity for argument. No one's interests can properly be said to be affected by a decree in a proceeding of this kind to which he is not a party." *Nichols v. McIntosh et al.,* 19 Colo. 22, 34 Pac. 278.

These excerpts, while not controlling, clearly indicate that this court has heretofore assumed that claimants outside of the particular district in which the adjudication is brought could not become parties thereto, or be heard therein either before or after decree.

The action is a purely statutory proceeding and no claimant can be made a party thereto or be heard therein except upon statutory authority, and none such exists except it can be found by implication in sec. 3318. In a statutory proceeding limited to intra-district claims inter-district disputes can not be heard or adjudicated.

It is undisputed that plaintiff in error could, under no conceivable circumstances, have been made a party to the present proceeding or been heard therein prior to decree. Certainly it can not back in after decree but by express statutory authority, and a statute which permitted it to do so would be an anomaly in the law. Its petition alleges that this decree in water district No. 14 infringes its rights as adjudicated and claimed in water district No. 17. How can the District Court of Pueblo County, which has no jurisdiction to pass upon water rights in water district No. 17, hear such a claim?

The re-argument and review provided for by the statute in question may be either with or without additional evidence, and in either case its application to claimants outside the district is equally inconsistent and illogical. No evidence as to such claims could be admitted in the proceeding prior to decree and the District Court of Pueblo County could no more entertain an argument without evidence to support it than it could admit evidence with no jurisdiction to determine any fact established thereby. It could not determine that its decree theretofore entered infringed petitioner's rights without judicially ascertaining those rights. The latter question being beyond its jurisdiction it follows that the former must be. If one claimant from water district No. 17 can thus back into an adjudication proceeding in water district No. 14, all the claimants in No. 17 may do so and the resulting confusion and complication would be limitless. Sec. 3314, R. S. 1908, provides: "After the lapse of four years from the time of rendering a final decree, in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same, except in case of suits then brought, and thereafter all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree." And petitioner contends that certain of its rights having been heretofore adjudicated in water district No. 17, against which decree this statute has run, its admission into the present proceeding involves neither the necessity nor possibility of further judicial determination as to such rights. The contention is without merit because if petitioner can come into this adjudication at all it can do so before the running of the statute while its decree would for the same reason be subject to a like attack by defendants in the District Court of Bent County.

The trial court held that as petitioner was not a party to the adjudication in water district No. 14 the decree which it seeks to attack is not *res adjudicata* as to it, and petitioner urges that, tested by the provisions of said section

3314, this ruling is erroneous.   It is true that petitioner will, under the provisions of said section, be barred after the lapse of four years, but it will be barred by the statute of limitations, not by the decree alone.

If the decree entered in the instant case, wherein plaintiff was not and could not be heard, infringes its rights as alleged nothing is more certain than that a remedy exists for such infringement.   That remedy has been specifically provided for.   "Nothing in this act or in any decree rendered under the provisions thereof, shall prevent any person, association or corporation from bringing and maintaining any suit or action whatsoever hitherto allowed in any court having jurisdiction, to determine any claim of priority of right to water, by appropriation thereof, for irrigation or other purposes, at any time within four years after the rendering of a final decree under this act in the water district in which such rights may be claimed, save that no writ of injunction shall issue in any case restraining the use of water for irrigation in any water district wherein such final decree shall have been rendered, which shall affect the distribution or use of water in any manner adversely to the rights determined and established by and under such decree, but injunctions may issue to restrain the use of any water in such district not affected by such decree, and restrain violations of any right thereby established, and the water commissioner of every district where such decree shall have been rendered shall continue to distribute water according to the rights of priority determined by such decree, notwithstanding any suits concerning water rights in such district, until in any suit between parties the priorities between them may be otherwise determined, and such water commissioner have official notice by order of the court or judge determining such priorities, which notice shall be in such form and so given as the said judge shall order.   Sec. 3313, R. S. 1908.

Answering this suggestion plaintiff says it can not seek relief in equity under this statute because sec. 3318, *supra*, affords it a plain, speedy and adequate remedy.   Whether

said sec. 3318, affords plaintiff any remedy is the point in dispute and this argument, which assumes that it does so, merely begs the question.

The conclusion is inevitable that the language "any party or parties feeling themselves aggrieved" has no application to claimants of water rights outside the water district in which the adjudication is had.

The judgment is accordingly affirmed.

Garrigues, C. J. and Denison, J., concur.