## No. 26830

**In the Matter of the Application for Water Rights of Rodney J. Preisser and Diane Preisser: Rodney J. Preisser and Diane Preisser v. Smith Cattle, Inc. and George S. Reid**

(545 P.2d 711)

Decided February 2, 1976.

Moses, Wittemyer and Harrison, P.C., Raphael J. Moses, David L. Harrison, for applicants-appellees.

Ben L. Wright, Jr., for objectors-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from a water court decree, which awarded to 14 water wells not to exceed 8100 acre feet annually for irrigation of not to exceed 2025 acres of land. Additionally, the court awarded to the same wells a conditional decree in aggregate not to exceed 8100 acre feet per year for irrigation, municipal, commercial, industrial, recreational and other beneficial purposes, including out-of-basin transportation of the water embraced within the conditional decree. We affirm.

The wells are in Lincoln County and they lie across the drainages of Little Horse Creek and the Steel Fork of Little Horse Creek. These creeks are above Horse Creek and, if surface water flowed therein, they would be tributary to Horse Creek. However, Horse Creek receives water from these tributaries only in time of flood.

The wells draw their water from a basin. The court found that there was no significant hydraulic connection between this basin and the Arkansas River, and the ground water and storage in the basin would not reach the Arkansas River for a period of between 300 and 800 years, if it would reach the river at all. As a consequence the court concluded, not incorrectly, that the wells in this basin should not be administered as a part of the Arkansas River supply.

Under C.R.S. 1963, 148-18-5, the State Engineer issued permits for these wells for irrigation purposes. This statute was supplanted on May 17, 1965, by the "Colorado Water Management Act." Sections 37-90-101 *et seq.*, C.R.S. 1973.

In the absolute decree the court granted an appropriation date for each well, such dates ranging from September 10, 1965 to December 6, 1972. A maximum amount of gallons per minute was awarded to each well. In the conditional decree an appropration date of August 27, 1972, was given.

Those objecting to the decree have dates of priority for their wells which are earlier than any fixed by the decree.

Applicants, the Preissers, predicated their application for a conditional decree on a plan to transport the water by pipeline away from the area. They entered into negotiations with the Security Water District, the Widefield Homes Water Company, the United States Department of Defense and others calling for an annual delivery of approximately 200 acre feet of water per year. They proposed to enter into other contracts to supply water. During the year preceding the trial in the water court, they expended in excess of $50,000 in equipment and legal and engineering fees. Mr. Preisser testified that the proposed pipeline would cost about $1,400,000 and that they were waiting only for a conditional decree to be entered to commence construction. As already indicated, the water to be transported through the proposed pipeline will be put to irrigation, municipal, commercial, industrial, recreational and other beneficial uses.

All parties concede that, if water is available to supply the Preisser's absolute and conditional decrees, no problem exists. The water judge found that such water was available. The objectors-appellants argue vigorously that the water is not available. It should be noted, parenthetically, that the matter of administration of priorities in this water basin is not involved in this case.

Our review of the record discloses sufficient evidence to support the findings of the court as to availability of water. Thus, there is really no more to be said in the affirmance of the decree. We should mention, however, that the Preissers have argued lack of standing on the part of the objectors and have contended that they are entitled to decrees, irrespective of the question of availability of appropriatable water. Under the water judge's determination, and ours, we do not reach these issues.

Judgment affirmed.