Mr. Joseph F. Dolan Executive Director Department of Revenue State Capitol Annex Denver, Colorado 80203
Dear Mr. Dolan:
QUESTIONS PRESENTED AND CONCLUSIONS
This is in reply to your letter of October 14, 1975, wherein you request an opinion on the following two questions:
1. Is water, which is impounded and reduced to possession "tangible personal property" under 39-26-102(15), C.R.S. 1973?
 In view of the conclusion reached in answering question #2, it is not necessary to answer this question.
2. If the answer to No. 1 above is affirmative, is the sale of water to domestic and commercial consumers taxable under39-26-104, C.R.S. 1973?
My conclusion is "no."
ANALYSIS
The sales tax was first enacted in Colorado by H.B. 984, February 2, 1935, and is known as the Emergency Retail Sales Act of 1935. Significantly, the following definitions pertinent to the instant inquiry are contained in the Act:
Section 2(c). "The term `sale' or `sale and purchase' includes installment and credit sales, and the exchange of property, as well as the sale thereof for money, every such transaction, conditional or otherwise, for a consideration, constituting a sale, and also includes the sale or furnishing of electrical energy, gas, telephone or telegraph services taxable under the terms of this Act."
Section 2(k). "The term `tangible personal property' shall mean corporeal personal property."
The above definitions through the years have been carried forward to the present with only minor amendments. In 1964 the definition of "sale" or "sale and purchase" was amended to include steam, Session Laws of Colorado, 1964, at page 816.
Since enactment of the sales tax in 1935, the statutes have not mentioned water or water services as taxable or excluded from taxation. However, as early as October 22, 1937, Homer F. Bedford, State Treasurer, promulgated Retail Sales Tax Regulation 159 which read as follows:
 159 Water — The Sale of. The sale of water and its delivery in pipes, conduits, ditches or reservoirs is exempt. However, when sold from a well or in tanks or bottles, the same is taxable under the act.
Again, on September 22, 1939, Charles M. Armstrong promulgated Regulation 180 which read as follows:
 180 Water — The Sale of. The sale of water and its delivery to the point of use in pipes, conduits, ditches, or reservoirs is exempt. However, when sold from a well or in tanks or bottles, the same is taxable under the Act.
Department of Revenue Regulation 33 of 1943, in defining tangible personal property read . . . "The term does not include water in pipes, conduits, ditches, or reservoirs, but does include water in bottles, wagons, tanks, or other containers." Likewise, this quoted sentence also appears in the Rules and Regulations Relating To The Retail Sales Tax Law promulgated by the Department of Revenue in 1952 and 1956.
This historical data clearly reveals that since enactment of the sales tax in Colorado water in pipes, conduits, ditches or reservoirs has not been subject to a sales tax.
In view of the conclusion reached in answering your second question, it is not necessary to answer No. 1. However, the highest court of the state has held that water in possession is personal property. West End Irrigation Co. v.Garvey, 117 Colo. 109, 184 P.2d 476 (1947); BrightonDitch Co. v. City of Englewood, 124 Colo. 366,237 P.2d 116 (1951). Other jurisdictions have also held that water when impounded and reduced to possession by artificial means is personal property and may be bought and sold like other commodities. Robbins v. City of Rapid City, 71 S.D. 171,23 N.W.2d 144 (1946); Hagerman Irrigation Co. v.McMurry, 16 N.M. 172, 113 P. 823 (1911). It has also been held that a sales tax can be imposed on water and that water can constitutionally be classified as exempt since an element of service is involved. Further, the price of water should be reasonable in the interest of the public. Opinion of TheJustices, 88 N.H. 500. 190 A. 801 (1937).
Research fails to reveal any court decisions as to your second question but Byron Rogers, former Attorney General, in an opinion dated March 20, 1939, stated that "water sold through the medium of pipes delivered into houses, has been definitely ruled not to be subject to the Sales Tax Law," and refers to Treasurer's ruling No. 159 quoted above.
Historically, it is also noted that water service was not a service taxable under the Public Service Tax Act of 1937 from date of enactment until repealed in 1945. See Session Laws of 1937 at page 1144, Session Laws of 1939 at page 526, Session Laws of 1943 at page 555, and Session Laws of 1945 at page 615.
In the absence of case law in this area, the intent of the legislature must be sought in answering question 2. Significantly, the legislature has never included water in the definition of "sale" or "sale and purchase" as it has in the case of electrical energy, gas, steam, telephone, or telegraph services.
Further, the fact that the legislature has on numerous occasions since 1935 amended the sales tax statutes and did, in 1964, amend the law to provide that steam would be taxable, yet has not provided that water be taxed, leads to the conclusion that the legislature did not intend that water in pipes be taxed. From the historical treatment and legislative action, it is submitted that the legislature considers water in pipes a service within the tax statutes distinguishable from electrical, gas, telephone, or telegraph services. The legislature's provision that the enumerated services, other than water, are subject to taxation, is a further indication that the legislature did not intend that water service be taxed.
Pertinently, in the case of Carpenter v. Carman DistributingCo., 111 Colo. 566, 144 P.2d 770 (1943), the Supreme Court stated that as used in the Sales Tax Act the terms "service" or "service furnished" are inclusive only of services specifically listed as being subject to taxation and taxable under the Sales Tax Law.
In conclusion, water in pipes has not been taxed since enactment of the sales tax law in 1935 and presumably the legislature was aware of the construction given the statutes, the regulations of the state treasurer, and the Attorney General opinion providing that the sale and delivery of water in pipes was not taxable. This construction, "acquiesced in for many years by the authorities charged with its enforcement, is entitled to great weight in determining the intent of the farmers. In the absence of clear error such a long established construction should not be overturned or disregarded by this court." Security Life andAccident Co. v. Heckers, 177 Colo. 455, 495 P.2d 225 (1972), citing Bowman v. Eldher, 149 Colo. 551, 369, P.2d 977 (1962). Presumably, the legislature, when amending the sales tax statutes on numerous occasions in the past, was aware of the interpretation given by the State Treasurer, the Attorney General, and the Department of Revenue, and acquiesced in the interpretation. Bedford v. Colorado Fuel IronCorp., 102 Colo. 538, 81 P.2d 752 (1938). Therefore, the legislature has confirmed the existing rules of interpretation that water in pipes, conduits, ditches, or reservoirs is not subject to the state sales tax. Thus, question 2 is answered in the negative.
SUMMARY
Although it properly may be concluded that water is possession is personal property, the legislative history of the sales tax law since 1935 indicates a legislative intent not to tax water in pipes, conduits, ditches, or reservoirs.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE PROPERTY, PERSONAL WATER AND WATERWAYS
C.R.S. 1973, 39-26-102(15) C.R.S. 1973, 39-26-104
H.B. 984 (1935 Sess.)
REVENUE, DEPT. OF Administrative Div.
Although it properly may be concluded that water in possession is personal property, the legislative history of the sales tax law since 1935 indicates a legislative intent not to tax water in pipes, conduits, ditches, or reservoirs.