## No. 28032

**Stonewall Estates, a joint venture consisting of John W. Mecom, Mary Elizabeth Mecom and Clyde Dawn v. CF&I Steel Corp., Hoehne Ditch Co., Stanley S. Barron, Jr., Shirley V. Barron, Robert G. Parsons, M. Bernard Parsons, Parsons Land and Cattle Company, Myrtle Parsons Waite, Ray D. Russell, El Moro Ditch Co. and Picketwire Ditch Co., Inc.**

(592 P.2d 1318)

Decided March 19, 1979. Opinion modified as as modified rehearing denied April 16, 1979. Rehearing denied April 30, 1979.

Holme, Roberts & Owen, Kenneth J. Burke, Michael F. Browning, for appellant.

Ireland, Stapleton & Pryor, P.C., Monte Pascoe, Kirk B. Holleyman, Gretchen VanderWerf, for appellees Stanley S. Barron, Jr., Shirley V. Barron, Robert G. Parsons, M. Bernard Parsons, Parsons Land and Cattle Company, Myrtle Parsons Waite, and Ray D. Russell.

Welborn, Dufford, Cook & Brown, Robert F. Welborn, Debra Lappin, for appellee CF&I Steel Corp.

Calkins, Kramer, Grimshaw & Harring, Wayne B. Schroeder, for appellee Hoehne Ditch Co.

Dennis Michael Malone, for appellees El Moro Ditch Co. and Picketwire Ditch Co., Inc.


*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.


The water court[1] set aside a prior judgment and decree awarding absolute and conditional rights to non-tributary underground water for the reason that it lacked jurisdiction. The determination of lack of jurisdiction was based upon the fact that the notice given by resume was defective in that it failed to specify that the water involved was claimed to be non-tributary. We affirm.

The appellant Stonewall Estates is the successor in interest to John W. Mecom, who was the original applicant for the subject water rights. Stonewall Estates and Mecom are referred to here as the applicant. On April 10, 1972, applicant filed an application for underground water rights in Water Division No. 2 from five wells 29 to 40 feet deep. In the caption of the application applicant stated that the subject waters were non-tributary. No mention was made in the body of the application to indicate that the water was non-tributary. Pursuant to section 37-92-302(3), C.R.S. 1973, the water clerk prepared a resume of the application which was published and distributed as specified in that statute. The resume did not mention that the water was non-tributary. No statements of opposition were filed.

The referee held a hearing as to the claims on December 1, 1972. With no opposition and on the basis of information obtained at the hearing, he entered his ruling on January 12, 1973. He found that the five subject wells appropriated non-tributary water and he awarded some absolute and some conditional rights to applicant to use the water from such wells for domestic, home, irrigation, fish, wildlife, municipal, industrial, recreation and storage purposes. No protests to the referee's ruling having been made, the court incorporated the referee's ruling in its judgment and decree entered on February 20, 1973, hereinafter called the 1973 decree.

---

[1] The Water Right Determination and Administration Act of 1969 (section 37-92-101 *et seq.*, C.R.S. 1973) divided the state into seven water divisions, each with a district judge filling the position of water judge. Each water judge was given exclusive jurisdiction of water matters within the division. The statute does not use the term "water court," but the term is commonly used — and we have used it in a number of opinions — to designate the court in which the water judge presides under the Act. It is convenient to use the term "water court" and we use it here, and in the future no doubt will do so.

In January 1977 the applicant submitted its application for quadrennial findings of reasonable diligence and to make the conditional decree absolute. The claim that the water rights were non-tributary was included in the caption and the body of this application and was published. The appellees assert that they then first became aware that the applicant's claimed water rights were non-tributary. The appellees filed statements of opposition, asserting: (1) that the court was without jurisdiction to adjudicate non-tributary water under the 1969 Act;[2] and (2) that the failure of the notice to mention that the water was non-tributary was such a defect as to preclude the court from having jurisdiction.

The court ruled that it had jurisdiction over non-tributary waters under the 1969 Act, citing *Preisser v. Smith Cattle,* 190 Colo. 243, 545 P.2d 711 (1976) and *Purdue v. Ft. Lyon Canal,* 184 Colo. 219, 519 P.2d 954 (1974). It further ruled that it did not have jurisdiction to enter the 1973 decree because proper notice was not given to those who might have been damaged by the failure to mention in the resume that the water was non-tributary. It, therefore, set aside and vacated the 1973 decree.

The appeal is here from the latter ruling. No appeal has been taken to the ruling that it had jurisdiction over non-tributary waters.

## I.

Water declared to be non-tributary does not come within the priority system for tributary water and presumably its use under a decree such as that of 1973 will be entirely independent of decreed tributary priorities. If one assumes that water judicially declared to be non-tributary is in fact tributary, the effect upon earlier decreed tributary priorities can be marked, if not devastating. If water being appropriated is tributary, it will take its place among the decreed tributary priorities and its use in conformity with its decree will not affect senior appropriators.

The appellees were entitled to assume between 1973 and January 1977 that the applicant was claiming tributary water. The following statements contained in *Safranek v. Limon,* 123 Colo. 330, 228 P.2d 975 (1951) remain good law today:

"Under our Colorado law, it is the presumption that all ground water . . . finds its way to the stream in the watershed of which it lies, is tributary thereto, and subject to appropriation as part of the waters of the stream . . . The burden of proof is on one asserting that such ground water is not so tributary, to prove that fact by clear and satisfactory evidence."

The published resume constitutes notice of a claim. Thus, our situation in Colorado is such that a holder of a decreed priority in an affected area can assume (absent actual notice or a statement otherwise in the resume) that a claim to water is for tributary water. The resume here,

---

[2] Cited in footnote 1.

not advising that non-tributary was involved, suffered from such a defect that it was a nullity. *See Empire Ranch v. Coldren,* 51 Colo. 115, 117 P. 1005 (1911). Section 37-92-302(3)(a), C.R.S. 1973 provides that "The resume shall give . . . a *description of the water right* or conditional water right involved . . . ." (Emphasis added.) Since the resume did not mention the non-tributary character of the water right, it did not substantially comply with this provision of the statute.

## II.

■ The applicant has cited section 38-41-115, C.R.S. 1973 which reads:

"No action shall be brought . . . to set aside any decree or judgment entered in any action brought against unknown parties where there has been a substantial compliance with the requirements of the Colorado rules of civil procedure as to jurisdiction, pleadings, and service of process."

The applicant contends that it substantially complied with all notice requirements and thus the appellees' attack is barred by the three-year statute contained in section 37-92-304(10), C.R.S. 1973. As we have already stated, there was not substantial compliance with the notice requirement.

The applicant predicates its argument upon the proposition that the 1973 decree was *voidable.* The 1973 decree, however, was entered without jurisdiction and was *void.* It is not subject to any statute of limitation. As stated in *West End Irrigation Co. v. Garvey,* 117 Colo. 109, 184 P.2d 476, "to the extent a decree is beyond the authority of the court, it cannot be made valid by any rule of res judicata or any statutes of limitation."

The three-year statute of limitation cannot breathe life into this void 1973 decree.

## III.

We view as without merit the other arguments of applicant.

Judgment affirmed.

MR. JUSTICE CARRIGAN does not participate.