The TOWN OF BRECKENRIDGE, Plaintiff–Appellant,

v.

The CITY AND COUNTY OF DENVER, acting BY AND THROUGH its BOARD OF WATER COMMISSIONERS, Defendant–Appellee.

No. 79SA132.

Supreme Court of Colorado, En Banc.

Dec. 15, 1980.

Steven M. Hannon, Denver, for plaintiff–appellant.

Wayne D. Williams, Michael L. Walker, Denver, for defendant–appellee.

ROVIRA, Justice.

This is an appeal by the Town of Breckenridge (Breckenridge) from a ruling of the district court granting a motion filed by the City and County of Denver (Denver) to dismiss its complaint. We affirm.

In 1970 Breckenridge filed an application in Water Division No. 5, Case No. W–183, seeking an alternate point of diversion for its water rights. It retained an attorney at law to represent it in the water application proceeding. Coincident with his employment, the attorney informed Breckenridge that he had long represented Denver in water proceedings and that if any conflict arose between Breckenridge and Denver he would be obligated to withdraw as attorney for Breckenridge.

Denver filed a statement of opposition to Breckenridge's application but later withdrew it when agreement was reached between the parties. In 1971 a hearing was held on Breckenridge's application, and a decree was entered permitting an alternate point of diversion, establishing the amount of direct flow rights, and limiting the uses of the water.

In 1978 Breckenridge brought an action against Denver, which it characterized as an action in equity, seeking to modify the 1971 decree in Case No. W–183. The complaint alleged that the attorney and an engineer employed to do certain water studies had conflicts of interest which affected negotiations between Breckenridge and Denver, that the attorney did not adequately represent Breckenridge in the negotiations with Denver, and that Denver should not be permitted to benefit from the decree obtained in Case No. W–183. In its prayer for relief, Breckenridge requested that it be allowed to divert additional water and for an expanded use of its water. In addition, it requested that conditions be placed on the reopening of the decree because of its reliance on the terms of the original decree. The conditions were:

"1.  That the same guidelines as employed by the Court in Case No. W–183 be employed in hearing testimony and entering the Decree in this action relating to the appropriate amount of water Breckenridge may divert at the alternate point of diversion, to–wit, that the amount of water be based upon the average annual runoff from the historic points of diversion employed by Breckenridge.

"2.  That the amount of water which Breckenridge is permitted to divert

at the alternate point of diversion be not less than 4.87 cfs."

In addition to the above two conditions, Breckenridge requested that the trial court not provide notice to others and not allow others to participate if they became aware of the proceedings because Denver was the only entity entitled to notice or otherwise required to be a party to the proceeding. In its brief filed in this court, Breckenridge has modified its position. It now suggests that the only persons who should be permitted to participate in the proceedings are those persons who either did not own water rights which could be materially affected by the original proceeding at the time the protest period expired in W–183, or those persons who possessed water rights which could have been materially affected and who did not protest the original application and who have relied to their detriment upon the results of the original decree.

Denver moved to dismiss the complaint on the grounds that it was not an action in equity to modify a decree but an action for a change of water right without notice to the public, and that the conditions imposed were an unlawful attempt to restrict the authority of the trial court to fully review the matter and to cancel or modify the original decree.

In a Memorandum Opinion and Order, the trial court dismissed the complaint holding that:

(1) It would be "totally inappropriate" for the court to make a commitment to be bound by the conditions demanded by Breckenridge because in a change of water proceeding the court must apply the standards of section 37–92–305(3), C.R.S.1973; and

(2) since the requested modification of the decree might adversely affect other appropriators, notice must be given in such manner as the court may determine.

1. Section 37–92–101 et seq., C.R.S.1973.

2. Section 37–92–305(3), C.R.S.1973, provides in pertinent part that:

Breckenridge was granted leave to file an amended complaint but did not do so.

### I.

Breckenridge contends that the trial court could, in the exercise of its power in equity, reopen the 1971 decree under the conditions that it has proposed because Denver should be estopped from asserting any new theory as to the amount of water transferable at the point of diversion, and it would be inequitable to allow other water users to obtain a windfall benefit if Breckenridge's water right were reduced. It further argues that, since it does not have an adequate remedy at law, the trial court and this court are not bound by "legal remedies."

The proceeding in W–183 was brought under the Water Right Determination and Administration Act of 1969 (Act).[1] The Act set out the legislative policy concerning the waters of this state and established a procedure whereby water rights, uses, and administration could be dealt with in an orderly manner.

There can be no doubt that a change in the point of diversion of a water right is included in the term "change of water right," section 37–92–103(5), C.R.S.1973; and it is, therefore, subject to all of the provisions of the Act.

The procedure for "change of water right" is governed by section 37–92–302, C.R.S.1973, which requires, in part, publication of any application seeking change of a water right and the opportunity for those opposed to such change to set forth facts as to why the application should not be granted. In addition, section 37–92–305(3), C.R.S.1973, requires that the trial judge must determine in a change of water right proceeding whether such change will injuriously affect others who are entitled to use water under a vested water right or decreed conditional water right.[2]

"A change of water right ... shall be approved if such change ... will not injuriously affect the owner of or persons entitled to use water under a vested water right or decreed conditional water right. If it is determined

■ Although characterized by Breckenridge in its complaint as strictly an action in equity for which relief is appropriate under C.R.C.P. 60(b), this proceeding also functions in reality as an action to enlarge or change a water right and therefore is governed by the provisions of the Act.[3]

There is a strong public interest in adjudication and change of water rights, and in such proceedings the court must apply the standards of section 37–92–305(3), C.R.S. 1973. We agree with the trial court's conclusion that it would be contrary to the provisions of the Act to accede to the conditions imposed by Breckenridge. It would be inconsistent with a court's duty to apply the appropriate law for it to agree to conditions which the evidence might later show not to be appropriate or warranted.

Because the request of Breckenridge for modification of the 1971 decree involves a change of a water right, the publication and notice provisions of section 37–92–302, C.R.S.1973, are applicable.

It is possible that the modification requested by Breckenridge might affect other appropriators on the stream. Without giving them notice and an opportunity to be heard, any new decree might work a hardship on such appropriators and deprive them of rights they have obtained or exercised in reliance on the 1971 decree. *See* *Stonewall Estates v. C. F. & I. Steel Corporation,* 197 Colo. 255, 592 P.2d 1318 (1979).

The judgment of the district court is affirmed.

LOHR, J., does not participate.

that the proposed change ... as presented in the application would cause such injurious effect, the referee or the water judge ... shall afford the applicant or any person opposed to the application an opportunity to propose terms or conditions which would prevent such injurious effect."

**3.** We accept for purposes of this appeal the trial court's conclusion that Breckenridge's complaint contains averments which, absent the conditions it seeks to impose upon the reopening of its water decree, would be sufficient under C.R.C.P. 60(b) to withstand a mo-

tion to dismiss. *See Dudley v. Keller,* 33 Colo. App. 320, 521 P.2d 175 (1974) (independent equitable actions may in some circumstances support remedies in addition to those afforded under C.R.C.P. 60(b)). However, the conditions contained in plaintiff's request for relief make its complaint vulnerable to a motion to dismiss because of the mandatory provisions of section 37–92–305(3), C.R.S.1973. Contrary to Breckenridge's contention, a trial court is not free to reopen a water decree on terms which the complainant itself predetermines to be "equitable."